UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ECF |
| ) | Case No. 1:05CV01340 |
| THE ARCHITECT OF THE ) | Judge James Robertson |
| CAPITOL ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure Defendant Office of the Architect of the Capitol ("Defendant") respectfully submits this Motion to Dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies. In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Because this is a dispositive motion, Defendant has not sought Plaintiff's consent. See LCvR 7.1(m).

Dated: February 21, 2006.

                                                                       Respectfully submitted,

/s/

_____

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/

_____

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/

_____

MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-4851

Of Counsel:

Edgar Martinez, Esq.
Architect of the Capitol
Office of Employment Counsel
Ford House Office Building
2nd and D Streets, S.W.
Washington, D.C. 20515

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL GRAHAM | ) | |
|  | ) | |
| Plaintiff, | ) | |
| v. | ) | ECF |
|  | ) | Case No. 1:05CV01340 |
| THE ARCHITECT OF THE CAPITOL | ) | Judge James Robertson |
|  | ) | |
| Defendant. | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, Office of the Architect of the Capitol ("Defendant"), by its undersigned attorneys, respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss.

### I. STATEMENT OF THE CASE

Plaintiff is a Team Leader in the electrical division of the House Superintendent's Office for the Architect of the Capitol. Complaint ("Compl.") ¶ 12. In 2003 plaintiff settled a lawsuit against the Defendant in which he had alleged discriminatory conduct by his colleagues. Compl. ¶ 10. Shortly thereafter he was promoted into his current position as Team Leader. Compl. ¶ 12. In or about October 2004, Plaintiff applied for the position of Assistant Supervisor of the Midnight Shift. Compl. ¶ 15. He was not selected for the position. Compl. ¶ 19.

Plaintiff filed the requisite Formal Request for Counseling with the Office of Compliance on November 30, 2004. (Exh. 1, Request for Formal Counseling). In response to the question "Describe the conduct complained of, including date(s) and person(s) involved," Plaintiff simply

responded that "I was past [sic] over [for] a position because of my race. 'Denied promotion because I am Black.'" Id. Nowhere on the two-page form does the Plaintiff even hint that he was retaliated against. Indeed, when the Office of Compliance official assigned a Case Number to the case, the only designation made was one of discrimination (CV) and not retaliation (RP). Id. (See also, Exh. 2, Office of Compliance Case Numbering System Document). Later, Defendant received notice of mediation, which bore no indications that Plaintiff had brought a retaliation claim. (Exh. 3, Jan. 19, 2005 Notice of Mediation).

Plaintiff filed the instant Complaint on July 5, 2005, alleging discrimination and retaliation under the Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. §§ 1301, et seq. and Title VII of the Civil Rights Act of 1964. See Compl. Plaintiff never notified Defendant that he believed his non-promotion was as a result of alleged retaliation.

## II. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(c), like 12(b)(6), the Court must determine whether the plaintiff has alleged sufficient facts in its complaint to state a cause of action. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court must accept all well-pleaded facts as true. Doe v. United States Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). If, after reviewing the complaint, the Court finds "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court must dismiss the complaint. Conley, 355 U.S. 45-46. Generally speaking, the Court should not consider

matters beyond the pleadings without converting the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

Nonetheless, there are important exceptions to this general principle. One such exception applies here. The Court may properly take judicial notice of public documents or court records without converting a motion to dismiss into a motion for summary judgment. Baker v. Henderson, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001)("in determining whether a complaint fails to state a claim, the court may. . . take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); Himmelman v. MCI Communications, 104 F. Supp. 2d 1, 3 (D.D.C. 2000)("The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record.") Here, although Defendant submits three exhibits, they merely consists of Office of Compliance records. Therefore, this motion should be reviewed as a motion to dismiss.

### III.  ARGUMENT

Based on his failure to be promoted to the position in question, Plaintiff brings a two-count complaint under the CAA. In Count I Plaintiff alleges discrimination based on race and Count II alleges retaliation for prior EEO activity. See Compl. p. 5. At this juncture, plaintiff's retaliation claim should be dismissed because Plaintiff failed to raise the issue of retaliation during the administrative process.

A.    Plaintiff Failed to Timely Exhaust His Administrative Remedies.

Under the CAA, an employee must pursue a claim of discrimination administratively before bringing such a claim in court. As stated in Thompson v. Capitol Police Board, 120 F.

Supp. 2d 78, 82 (D.D.C. 2000), "[a]s a prerequisite to filing a claim [under the CAA] in federal court, a party who believes that he or she has suffered discrimination must file a request for counseling with the Office of Compliance, a federal agency charged with administering certain aspects of the CAA." The request for counseling must be filed within 180 days of the alleged discriminatory event. 2 U.S.C. § 1402. A failure to file within 180 days constitutes a failure to exhaust administrative remedies and deprives the Court of subject-matter jurisdiction. Thompson, 120 F. Supp. 2d at 84.

Prior to seeking relief in Federal court under Title VII, and the CAA by analogy, a Federal employee must timely exhaust all available administrative remedies. See 42 U.S.C. § 2000e-16(c)); 29 C.F.R. § 1614.407; Kizas v. Webster, 707 F.2d 524, 544 & n.99 (D.C. Cir. 1983); see e.g., United Airlines v. Evans, 431 U.S. 553, 555 (1977); McDonnell Douglas, 411 U.S. at 555. Courts have strictly enforced the time deadlines throughout the complaint process under Title VII. Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) ("A plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience."); Bayer v. Department of the Treasury, 956 F.2d 330, 332-33 (D.C. Cir. 1992) (although failure to comply with time limits is not a jurisdictional defect, plaintiff bears the burden of pleading and proving sufficient reasons to excuse noncompliance); see Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1994); Carter v. Rubin, 14 F. Supp. 2d 22, 32 (D.D.C. 1998) (holding that federal employees may not file employment discrimination actions outside applicable time deadlines).

These procedural requirements governing a plaintiff's right to bring an employment claim in court are not unimportant. "Exhaustion is required in order to give federal agencies an

opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." Brown, 777 F.2d at 14.  Here, Plaintiff's request for counseling only raised a claim of discrimination.  See Exh. 1.  He made no mention of retaliation anywhere in his request.  Id.  The case numbering system at the Office of Compliance denotes a retaliation claim as "RP".  The designation "RP" cannot be found anywhere on the relevant documents.  See, Exhs. 1 and 3.  In fact, the notice of mediation reads, "Mr. Graham formally requested counseling on December 3, 2004, alleging failure to promote because of race in violation of section 201 of the Congressional Accountability Act."  See, Exh. 2.  The Office of Compliance neither designates nor describes any other claims, whatsoever.

In asserting that this Court has jurisdiction, Plaintiff averred that he had "satisfied all administrative and judicial prerequisites to the institution of this action," and yet, the claim of retaliation has, by all indications, not been pursued administratively.  Compl ¶ 6.  The 180-day statutory period for filing the request for counseling has elapsed, therefore foreclosing the option of Plaintiff filing a request for counseling on the retaliation claim at the present time.  In Thompson, the plaintiff's complaint was dismissed where plaintiff filed a request for counseling with the Office of Compliance 188 days after being notified of his termination.  120 F.Supp. 2d at 84.  According to the Complaint Plaintiff here applied for the position in question in October 2004.  Compl. ¶ 15.  A month later he filed his complaint with the Office of Compliance.  See Exh. 1. The logical conclusion would be that the alleged retaliation occurred over 15 months ago, thus leaving Plaintiff well outside the statutory time period.  In failing to raise the claim of retaliation with the Office of Compliance, Plaintiff has failed to exhaust his administrative remedies, thereby depriving this Court of jurisdiction over Count II of Plaintiff's Complaint.

## IV.  CONCLUSION

Based upon the foregoing, Defendant respectfully requests that the Court dismiss Count II of plaintiff's Complaint.

Dated: February 21, 2006.

                            Respectfully submitted,

                                   /s/

                        KENNETH L. WAINSTEIN, D.C. BAR # 451058
                        United States Attorney

                                   /s/

                        R. CRAIG LAWRENCE, D.C. BAR # 171538
                        Assistant United States Attorney

                                   /s/

                        MERCEDEH MOMENI
                        Assistant United States Attorney
                        555 Fourth Street, N.W.
                        Civil Division
                        Washington, D.C.  20530
                        (202) 305-4851

Of Counsel:

Edgar Martinez, Esq.
Architect of the Capitol
Office of Employment Counsel
Ford House Office Building
2nd and D Streets, S.W.
Washington, D.C. 20515

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL GRAHAM** | ) | |
|  | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **ECF** |
|  | ) | **Case No. 1:05CV01340** |
| **THE ARCHITECT OF THE CAPITOL** | ) | **Judge James Robertson** |
|  | ) | |
| **Defendant.** | ) | |

### ORDER

Upon consideration of Defendant's Motion to Dismiss and its memorandum of points and authorities, Plaintiff's opposition thereto, Defendant's reply, and the entire record herein, it is this _____ day of _____, 2006,

ORDERED, that for the reasons stated in Defendant's memorandum of points and authorities and reply, Defendant's motion be, and hereby is, GRANTED, and it is further,

ORDERED, that Count II of Plaintiff's Complaint is hereby DISMISSED.

_____
JAMES ROBERTSON
U.S. District Court Judge

Copies to counsel via ECF.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY that, this 21st day of February 2006, I caused the foregoing motion, and memorandum, and the attached proposed order, to be served on opposing counsel via electronic mail.**

/s/
_____
**MERCEDEH MOMENI**
**Assistant United States Attorney**
**Judiciary Center Building**
**555 Fourth Street, N.W.**
**Washington, D.C.  20530**
**(202) 305-4851**