**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL GRAHAM,** ) | |
| ) | **Civil Action No. 1:05CV01340** |
| **Plaintiff** ) | |
| ) | **Judge: James Robertson** |
| **v.** ) | |
| ) | |
| **ARCHITECT OF THE CAPITOL,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
PARTIAL MOTION TO DISMISS**

**I.  INTRODUCTION**

Mr. Graham applied for and was denied a promotion to the position of Assistant Night Shift Supervisor in the Electrical Division (House Office Building) of the Architect of the Capitol in October of 2004.  In accordance with the Congressional Accountability Act ("CAA"), 2 U.S.C. § 1401 *et seq.,* Mr. Graham initiated counseling with the Office of Compliance, underwent mediation and timely filed the current civil action.

In its Motion to Dismiss Mr. Graham's claim for reprisal, the Defendant claims that, because Mr. Graham did not specifically state that he believed his nonselection was also motivated by retaliatory (in addition to racial) animus on the Request for Counseling form he submitted to the Office of Compliance, his claim of reprisal should now be dismissed.  The Defendant has offered no precedential support for its argument that the CAA requires "issue exhaustion" in addition to "administrative exhaustion."  In fact, decisions of this Court have held that issue exhaustion is <u>not</u> a prerequisite to filing suit under the CAA.

As demonstrated below, Mr. Graham complied with all relevant provisions of the CAA with respect to his claim for non-selection by timely filing his Request for Counseling, undergoing and concluding mediation and timely filing this civil action. As a result, this Court has jurisdiction to hear Mr. Graham's complaints of discrimination and retaliation based on that denied promotion pursuant to 29 U.S.C. § 1408.

## II. ARGUMENT

**1.**     **The CAA Grants this Court Jurisdiction over Mr. Graham's Case.**

### A. Mr. Graham Complied with 2 U.S.C. § 1408, which Grants the District Court Jurisdiction

As demonstrated below, the Plaintiff complied with every aspect of the CAA. Moreover, while the CAA, 2 U.S.C. § 1408 requires an employee to file a request for counseling within 180-days of the adverse employment action, timely submit to mediation, and timely file a civil action, there is nothing in the Act that would require the employee to list each and every possible prohibited motivation behind the conduct about which he or she is complaining.

The Congressional Accountability Act, at 2 U.S.C. § 1408, reads:

The district courts of the United States shall have jurisdiction over any civil action commenced under section 404 [2 USCS § 1404] and this section by a covered employee who has completed counseling under section 402 [2 USCS § 1402] and mediation under section 403 [2 USCS § 1403]. A civil action may be commenced by a covered employee only to seek redress for a violation for which the employee has completed counseling and mediation.

The requirement in Section 1408 that "A civil action may be commenced by a covered employee only to seek redress for a <u>violation</u> for which the employee has completed counseling and mediation," mandates that the employee raise the challenged <u>conduct</u> that forms the basis of his or her civil action at the administrative level before the

Office of Compliance; it does not, however, require the employee to identify every basis for his claim that the conduct violated the CAA. In *Harris v. Office of the Architect of the Capitol*, 16 F. Supp. 2d 8, 10 (D.D.C. 1998) (Sullivan, J.),[1] Judge Sullivan held that a plaintiff's CAA claim for violation of the Equal Pay Act would not be dismissed even though it was not specifically mentioned in the plaintiff's Request for Counseling at the Office of Compliance. Specifically, Judge Sullivan noted,

> [T]he plaintiffs should be allowed to state claims under § 203 because in their administrative complaint <u>plaintiffs set forth the conduct that they were complaining of, regardless of what statute it violated</u>. Moreover, the Formal Request for Counseling form only requires that an individual set forth the conduct that person is complaining of, and does not require that individual state the legal basis for her complaint. <u>Plaintiffs thus should not be penalized for not stating all the applicable sections of the Act, as the conduct set forth was sufficient to place defendant on notice [of the claim]</u>.

(<u>emphasis added</u>); *See also, e.g. Ouzts v. Hantman*, 2005 U.S. Dist. LEXIS 38261 (D.D.C. Civil Action No. 03-1275, Dec. 22, 2005) (J. Robertson) ("A person who believes that he has been the subject of *<u>discriminatory conduct</u>* must submit his request for counseling to the Office of Compliance within 180 days *<u>of the alleged violation</u>* of the CAA.") (*<u>emphasis added</u>*); *Brady v. Livingood*, 360 F. Supp. 2d 94, 101-102 (D.D.C. 2004) ("the CAA provides that a civil action may commence only to seek redress for a violation for which the employee has completed counseling and mediation ... a process which must be initiated not later than 180 days after the alleged discriminatory *<u>action</u>*.

---

[1] In *Blackmon-Malloy v. United States Capitol Police Bd.*, 338 F. Supp. 2d 97, (D.D.C. 2004) District Court Judge Sullivan overruled a portion of his holding in *Harris* that related to vicarious exhaustion for purposes of a class action. The ruling on issue exhaustion, however, was unaffected.

Thus, claims for *conduct* occurring outside of this 180-day period are generally considered time-barred under the statutory scheme.") (*emphasis added*).

In order to satisfy the requirements of Section 1408 of the CAA and vest the District Court with jurisdiction to hear Mr. Graham's complaint for non-selection based on racial and retaliatory animus, Mr. Graham is required to: 1) have completed counseling with regard to his non-selection under in accordance with Section 1402 of the CAA; 2) have completed mediation consistent with Section 1403 of the CAA; and 3) have commenced his civil action under section 1404 of the CAA.

### *i. Mr. Graham Complied with Section 402 by Timely Filing a Request for Counseling*

Section 402(a) (2 U.S.C. § 1402) reads:

> To commence a proceeding, a covered employee alleging a violation of a law made applicable under part A of title II [2 USCS §§ 1311 et seq.] shall request counseling by the Office. The Office shall provide the employee with all relevant information with respect to the rights of the employee. A request for counseling shall be made not later than 180 days after the date of the alleged violation.

Mr. Graham complied with this section. He is a "covered employee alleging a violation of law," and, his request for counseling was made not later than 180 days after the date of the alleged violation (the denied selection). See Exhibit 1 to Def's Motion to Dismiss.

Neither in the statute, nor in Office of Compliance's Formal Request for Counseling form is there any instruction or indication that employees must include every legal theory underlying his or her claim, and that failure to do so will result in a waiver of

their right to assert such a claim in court.[2]  See Exhibit 1 to Defendant's Motion.  The form does not even provide a space for employees to indicate the grounds for their claim (i.e. race, age, gender, disability, reprisal, etc.).  Instead the form merely asks the employee to "Describe the conduct complained of, including dates, and persons involved."  *See also*, *Harris*, 16 F. Supp. 2d at 10 ("the Formal Request for Counseling form only requires that an individual set forth the conduct that person is complaining of, and does not require that individual state the legal basis for her complaint.").  The form does not indicate that a failure to assert each and every possible cause of action will result in a waiver of the complainant's ability to assert such claims in a court of law – which is the result that defendant seeks here.[3]

Additionally, while Mr. Graham's Request for Counseling includes only specific mention of race as a basis for the unlawful conduct about which he complained, Mr. Graham testified in his deposition (Exhibit 1, p. 180-81) that he believed he complained about both "race and retaliation" before the Office of Compliance during the counseling period.  Moreover, Mr. Graham's Request for Counseling form indicates, on page two, that he had "previously received advice/information" from the Office of Compliance.

---

[2] Nor do the Office of Compliance's Rules of Procedure actually <u>require</u> the Counselor to investigate and formally identify possible theories underlying the employee's claim. Section 2.03(g) of the OOC Rules of Procedure provides only that "the counselor <u>may</u> … (3) obtain a detailed description of the action(s) at issue, including all relevant dates, and the covered employee's reason(s) for believing that a violation may have occurred."

[3] Moreover, requiring employees to assert each and every possible cause of action in the "counseling" stage would defeat the purpose of counseling, which is to informally resolve disputes prior to mediation and filing a lawsuit in District Court.  This is so because Employees would have to hire a lawyer at the counseling stage just to ensure that they did not unknowingly waive their rights by not properly articulating all of the various legal causes of action available to them.

Exhibit 1 to Def's Motion. *See Brown v. Marsh*, 250 U.S. App. D.C. 8; 777 F.2d 8, 13 (D.C. Cir. 1985) ("the relevant inquiry is not whether the complainant has filed a detailed statement spelling out precisely his objections but whether the actions he did take were 'adequate to put the agency on notice.'") (quoting *President v. Vance*, 200 U.S. App. D.C. 300, 627 F.2d 353 (D.C. Cir. 1980)).  At a minimum, there is a genuine dispute of material fact regarding whether Mr. Graham discussed retaliation as a motivating factor behind the denied promotion about which he complained before the Office of Compliance.

### *ii. Mr. Graham Complied with Section 403 by Completing Mediation.*

2 U.S.C. § 1403(a) governing mediation states:

> Not later than 15 days after receipt by the employee of notice of the end of the counseling period under section 402 [2 USCS § 1402], but prior to and as a condition of making an election under section 404 [2 USCS § 1404], the covered employee who alleged a violation of a law shall file a request for mediation with the Office.

Mr. Graham's counseling period ended on January 3, 2005, and he was given fifteen days from the date he received the Office of Compliance's January 4, 2005 Notice to Employee of End of Counseling Period to request mediation. Exhibit 2, hereto.[4]  Mr. Graham timely requested mediation on January 18, 2005 (Def's Exhibit 3), underwent mediation in accordance with Section 403 of the Act, and was issued an "End of Mediation Notice" on April 11, 2005.  Exhibit 3, hereto.  There is no indication on the record, and the Defendant has not argued that Mr. Graham failed to comply with any provision of Section 1403 of the CAA.

---

[4] Please note that although the Notice to Employee of End of Counseling Period was addressed to the undersigned, the undersigned was not Mr. Graham's attorney at the time. Mr. Graham did not retain the undersigned to represent him in this matter until February 24, 2005.

*iii. Mr. Graham Complied with Section 1404 by Timely Filing this Civil Action*

2 U.S.C. § 1404 reads:

> Not later than 90 days after a covered employee receives notice of the end of the period of mediation, but no sooner than 30 days after receipt of such notification, such covered employee may either (1) file a complaint with the Office in accordance with section 405 [2 USCS § 1405] or (2) file a civil action in accordance with section 408 [2 USCS § 1408] in the United States district court for the district in which the employee is employed or for the District of Columbia.

Mr. Graham received the End of the Mediation Notice on or about April 11, 2005 (Exhibit 3, hereto), and he filed this civil action on July 5, 2005, within 90 days of his receipt thereof.  As a result, this civil action was timely pursuant to Section 1404 of the CAA.

Based on the foregoing, Mr. Graham satisfied the requirements of 2 U.S.C. § 1408 by complying with all provisions of section 1402, 1403 and 1404 of the Act.  As a result this Court, by the terms of Section 1408, has jurisdiction to hear both Mr. Graham's claim for race discrimination and his claim of retaliation.  This is so, because both claims relate to the <u>conduct</u> about which Mr. Graham complains in this civil action, the nonselection to the Assistant Supervisor position.   *See Harris*, *Ouzts, and Brady, supra*.

Because Mr. Graham did timely initiate counseling and undergo mediation, his case is distinguishable from cases such as *Blackmon-Malloy v. United States Capitol Police Board*, 338 F. Supp. 2d 97 (2004) and *Reynolds v. United States Capitol Police Board*, 357 F. Supp. 2d 2 (2004) both of which were Congressional Accountability Act cases in which the plaintiffs cases were dismissed because the plaintiffs failed to file <u>any</u> Requests for Counseling within the 180-day filing period.  Mr. Graham's case is also

distinguishable from *Halcomb v. Office of the Senate Sergeant-at-Arms of the United States Senate*, 299 F. Supp. 2d 175 (D.D.C. 2002).  In *Halcomb*, the plaintiff's claim of retaliation focused on conduct that was distinct from (and that occurred well after) the conduct that supported her claims of gender and race discrimination.  The plaintiff's claim of retaliation in *Halcomb* was dismissed because at the time she filed her complaint, she had failed to undergo counseling and mediation related to the <u>conduct</u> on which she based her claims of retaliation.  *Id.* at 178.

    **2.    <u>The Defendant is Arguing for Issue Exhaustion,</u>**

    It is important to note that the Defendant is not arguing that Mr. Graham failed to exhaust his administrative remedies outright with regard to his denied promotion.  The Defendant is instead arguing for <u>administrative *issue* exhaustion</u>.  By arguing for dismissal of Mr. Graham's retaliation claim on this basis, the Defendant simply ignores this Court's previous decision in *Harris*, *supra*, and incorrectly assumes – without citing precedent or including any analysis – that administrative <u>issue</u> exhaustion is a necessary corollary of an administrative exhaustion requirement. Defendant's argument is contrary to law.  *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

    As the Supreme Court recognized in *Sims*, administrative issue exhaustion (the requirement that not only must the employee raise his claim administratively, but must additionally identify all issues relevant to or supporting his claim at the administrative level) can only be imposed by <u>statute</u> or <u>regulation</u>, or by <u>judicial</u> decision under certain circumstances.  *Id.* at 107-08.  As demonstrated below, the Defendant cannot establish that the CAA or relevant regulation mandates issue exhaustion.

    *i.  No Statutory or Regulatory Requirement of Issue-Exhaustion Exist*

The CAA does not include a statutory or regulatory issue exhaustion requirement. As indicated above, Section 1408 of the CAA merely requires an employee to request counseling, undergo mediation and timely file a civil action with regard to conduct that violates the CAA.  Likewise, the Office of Compliance's Rules of Procedure (§2.03 (a), (c)) require "an employee [to] file a written request for counseling with the Office regarding an alleged violation of the Act [in writing and not later than 180-days after the alleged violation of the Act.]."  As discussed above, these provisions do not require an employee to list each and every basis for his or her claim at the Request for Counseling stage.  Instead, the statute and regulation merely require the employee to identify the conduct about which he or she is complaining.  *Harris*, 16 F. Supp. at 10.

The statute and regulation at issue in this case can be clearly contrasted with statutes and regulations that the Supreme Court has recognized as mandating issue-exhaustion.  In *Sims*, for example, the Supreme Court recognized a previous ruling in which it "held that the Court of Appeals lacked jurisdiction to review objections not raised before the National Labor Relations Board … because [the relevant] statute provided that no objection that has not been urged before the Board ... shall be considered by the court." (emphasis added)(referring to *Woelke v. Romero Framing, Inv. v. NLRB*, 456 U.S. 645 (1982)).  The *Sims* court also identified, as an example of a regulation that imposes an issue-exhaustion requirement, 20 C.F.R. § 82.211(a)(1999), which states that a petition for review to Benefits Review Board must "list the specific issues to be considered on appeal." *See also*, *KPMG, LLP v. SEC*, 351 U.S. App. D.C. 234, 289 F.3d 109, 117 (D.C. Cir. 2002) (Recognizing the provision: "no objection to an order or rule of the Commission, for which review is sought under this section, may be considered by the

court unless it was urged before the Commission or there was reasonable ground for failure to do so," mandates issue exhaustion.). In this case, neither the CAA nor the Office of Compliance's Rules of Procedure include such clear issue-exhaustion mandates.

### ii.  No Justification for Judicially Imposed Issue Exhaustion Requirement Exists

With regard to judicial imposition of issue exhaustion, the Supreme Court has held that "courts require administrative issue exhaustion as a general rule [when it is] appropriate under an agency's practice for contestants <u>in an adversary proceeding</u> before it <u>to develop fully all issues there</u>."  *Sims*, 530 U.S. at 109 (<u>emphasis added</u>) (quoting *United States v. L.A. Trucker Lines, Inc.*, 344 U.S. 33 (1952)).  *See also Advocates for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 429 F.3d 1136 (D.C. Cir. 2005) ("Where the parties must present and develop issues, the adjudicative model is apt and issue exhaustion is appropriate. 'Where, by contrast, an administrative proceeding is not adversarial, . . . the reasons for a court to require exhaustion are much weaker.'") (*quoting Sims*).  Here, the Architect of the Capitol cannot demonstrate that its Counseling and Mediation sessions are designed to be adversarial as contemplated by *Sims* and *Advocates for Highway & Auto Safety*, *supra*.

The Office of Compliance explains that the mandated Counseling Period is intended only to:

> discuss the employee's concerns and elicit information regarding the matter(s) which the employee believes constitute a violation(s) of the Act; to advise the employee of his or her rights and responsibilities under the Act and the procedures of the Office under these rules; to evaluate the matter; and to assist the employee in achieving an early resolution of the matter, if possible.

OOC Rules of Procedure § 2.03(d).

Likewise, the OOC explains that the mediation process is meant to provide an opportunity for "employees, employing offices, and their representatives [to] discuss alternatives to continuing their dispute, including the possibility of reaching a voluntary, mutually satisfactory resolution. The neutral [mediator] has no power to impose a specific resolution, and the mediation process, whether or not a resolution is reached, is strictly confidential." OOC Rules of Procedure § 2.04(a). Neither of these provisions indicates any adversarial or adjudicatory element to the Office of Compliance procedures.

Nor can the AOC demonstrate that the administrative procedures are designed to permit the Agency to fully develop all issues relevant to the case. In fact, unlike the EEOC process imposed on employees of executive agencies wherein the Agency is charged with developing "an impartial and appropriate factual record <u>upon which to make findings on the claims raised by the written complaint</u>" (29 C.F.R. § 1614.108(b)), the AOC's counseling and mediation period do not include any sort of investigation that would permit any findings on an employee's specific claims. Likewise, the AOC cannot demonstrate that its procedures offer any formal opportunity for the development of a factual record on which the Agency is expected to make a decision (as would be the case if an employee of an executive agency elected a final agency decision pursuant to 29 C.F.R. 1614.108(f)).

Based on the foregoing, issue exhaustion is not required, nor is there any justification whatsoever for imposing such a requirement for claims brought to court pursuant to the Congressional Accountability Act. *Sims,* 530 U.S. at 108-09.

### 3.    <u>Mr. Graham Fulfilled the Purpose of Administrative Exhaustion</u>

By complying with Section 1408, Mr. Graham gave the Architect of the Capitol "the opportunity to handle matters internally … and to ensure that the federal courts are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985) (cited by the Defendant (at p. 4-5) for the proposition that Mr. Graham's complaint should be dismissed because, by only complaining about race discrimination, he somehow prohibited the Agency from handling his matter internally).

Mr. Graham complained that his nonselection for the promotion at issue here was in violation of the Congressional Accountability Act by filing his Request for Counseling and proceeding through the conclusion of mediation. The Agency had every opportunity during the mediation period to "handle Mr. Graham's complaint" internally. It could have undertaken whatever internal investigation it desired to determine whether its selecting official(s) had a legitimate, non-discriminatory justification for selecting another employee instead of Mr. Graham. Moreover, because the *McDonnell-Douglas* analysis of pretext is the same whether the case is one of discrimination or retaliation, the Agency cannot demonstrate that it somehow lacked an opportunity to assess and handle this matter internally at the administrative stage because Mr. Graham's Request for Counseling form did not specifically use the term "retaliation." Def's P&A at 5.

Defendant seeks to have this Court impose a rule on issue exhaustion that is aimed at weeding out claims of CAA violations based on hyper-technical (and not merit-based) factors. In this manner, the Defendant argues, without precedential support, for an unwarranted hard-line stance on issue-exhaustion that contradicts the spirit of remedial statutes such as the CAA and Title VII of the Civil Rights Act of 1964. As the D.C.

Circuit stated in *Loe v. Heckler*, 247 U.S. App. D.C. 292, 768 F.2d 409, 417 (D.C. Cir. 1985):

> Courts should be mindful of the judiciary's crucial role in the statutory enforcement design. Suit thresholds [such as administrative and issue exhaustion requirements] warrant interpretation with sensitivity to Title VII's remedial aims. An overly technical approach would improperly impede the goal of making federal employment free from proscribed discrimination. We stress, in particular, that judges slight the legislature's central command if they fail to recall that Title VII was devised as a measure that would be kept accessible to individuals untrained in negotiating procedural labyrinths.

## **CONCLUSION**

Based on the foregoing, the Plaintiff respectfully emphasizes that, as demonstrated by the text of the relevant statutes and regulations and the prior decisions of this Court, the CAA does not require administrative issue exhaustion as a prerequisite to this court's jurisdiction. Therefore, Mr. Graham was not required to specifically list "reprisal" on his Request for Counseling form as a motivating factor behind his non-selection to the position of Assistant Supervisor in order to assert a retaliation claim in this civil action. In any event, Mr. Graham has otherwise demonstrated that he did – in fact – put the Defendant on notice of his claim for retaliation. Lastly, Mr. Graham has established, and it is not in dispute, that he is in full compliance with Section 1408 of the CAA. Accordingly, this Court has jurisdiction to hear Mr. Graham's complaint for denied selection on the grounds of racial and retaliatory animus, and the Defendant's Motion for Partial Dismissal should be denied.

Respectfully Submitted,
ALDERMAN & DEVORSETZ, PLLC


/s/
Leslie D. Alderman III (D.C. # 477750)
1025 Connecticut Ave., NW
Suite 1000
Washington, DC 20036
Tel: 202-969-8220
Fax: 202-969-8224


Counsel for Plaintiff