IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL GRAHAM,** ) | |
| ) | Civil Action No. 1:05CV01340 |
| Plaintiff ) | |
| ) | Judge: James Robertson |
| v. ) | |
| ) | |
| **ARCHITECT OF THE** ) | |
| **CAPITOL,** ) | |
| ) | |
| Defendant ) | |

### PLAINTIFF'S MOTION TO AMEND HIS ORIGINAL COMPLAINT

The Plaintiff, Michael Graham, by and through his undersigned counsel, hereby moves the Court for an Order granting the First Amended Complaint attached hereto as Exhibit 5, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

In support of this Motion, the Plaintiff submits the following Memorandum of Points and Authorities. The undersigned sought Defendant's concurrence with this motion and the Defendant does not consent to the amendment sought herein.

In conjunction with this Amendment the Plaintiff additionally requests a revision to the Scheduling Order now in place to permit, among other things, the conclusion of discovery related to the claims made in the Original Complaint, new discovery related to the disparate impact claim made in the Amended Complaint, and the exchange of expert reports.

Respectfully Submitted,
_____/s/_____
Leslie D. Alderman III (D.C. # 477750)
ALDERMAN & DEVORSETZ, PLLC
1025 Connecticut Ave., NW, Suite 1000
Washington, DC 20036
Tel: 202-969-8220 Fax: 202-969-8224

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL GRAHAM, ) | |
| ) | Civil Action No. 1:05CV01340 |
| Plaintiff ) | |
| ) | Judge: James Robertson |
| v. ) | |
| ) | |
| ARCHITECT OF THE ) | |
| CAPITOL, ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO AMEND HIS ORIGINAL COMPLAINT**

**I. BACKGROUND AND FACTS**

The Plaintiff's Original Complaint alleged that the Plaintiff's non-selection to the position of Midnight Shift Assistant Foreman in the House Office Buildings Electrical Division was motivated by discrimination based on his race and retaliatory animus. During the course of discovery, the Plaintiff learned that in March 2001, the Architect of the Capitol (AOC) initiated a "Pilot Staffing Initiative for Filling Vacancies." Exhibit 1. According to the April 5, 2006 deposition testimony of the AOC's Director of Human Resources, Rebecca Tiscione,[1] this "Staffing Initiative" was in effect between March 12, 2001 and sometime in 2005.

One of the changes to the Career Staffing Plan was to eliminate the requirement that a manager seeking to fill a vacancy prepare a Crediting Plan for any Vacancy. See Exhibit 1, Bates No. 321. A Crediting Plan required that Human Resources and selecting officials evaluate candidates based on objective criterion that the selecting official

---

[1] Ms. Tiscione's deposition was taken on April 5, 2006. At the time of this writing, the transcript is not yet available.

developed considering the essential Knowledge Skills, Abilities and Other attributes (KSAOs) and selective placement factors for the position. See Exhibit 2, excerpt from personnel handbook related to Crediting Plans.

On May 23, 2003, the AOC rescinded the requirement that managers use a "Justification of Candidates Selected for Interview" form. See Exhibit 3. This form previously required managers to "identify the merit factors from the application that [he or she] used to select each candidate for an interview." See Exhibit 4, the Justification Form that was required prior to May 23, 2003.

Concurrent with the March 12, 2001 staffing policy changes, the AOC instructed the Director of Human Resources to "conduct random audits of the application of the revised policy throughout the agency," to determine whether a "pattern and practice of decisions based on other than merit" resulted from the relaxed rules. Exhibit 1, Bates No. 322.

According to the April 5, 2006 deposition testimony of the Director of Human Resources, Rebecca Tiscione, Human Resources never conducted any random audits to determine whether a "pattern and practice of decisions based on other than merit."[2]

The Plaintiff contends that the Staffing Initiative is a facially neutral policy that contains facially neutral measures that have permitted selecting officials to discriminate against AOC employees in violation of the Congressional Accountability Act, and which have had a disparate impact on African American employees and/or employees who have participated in protected EEO activities.

---

[2] Again, at the time of this writing, the deposition transcript is not yet available.

## II.  LAW AND ANALYSIS

The D.C. Circuit discussed the considerations used in determining whether to grant a motion to amend a complaint in *Atchinson v. District of Columbia*, 73 F.3d 418, 425-26 (D.C. Cir. 1996):

> Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." According to the Supreme Court, a district court should grant leave to amend a complaint "in the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Within these bounds, a district court has discretion to grant or deny leave to amend under Rule 15(a).

In this case, there has been no undue delay in seeking to amend the Complaint. The Plaintiff learned of the Staffing Initiative only after receiving documentation of its existence from the Defendant on February 13, 2006 (the date on which the Defendant delivered documents under Bates Nos. 00297-01212). The Defendant cannot demonstrate that it would suffer any prejudice as a result of the short period of time that has elapsed since the Plaintiff first had the opportunity to learn of the Staffing Initiative.[3] *See Atchinson*, 73 F.3d at 426 ("Consideration of whether delay is undue, however, should generally take into account the actions of other parties and the possibility of any resulting prejudice. ")

---

[3] This motion to amend would have been filed earlier but for the undersigned's recent 10-day vacation that took him out of the country. Preparing for the lengthy vacation required the undersigned to devote his time and attention to matters that had definite due dates that fell within the time immediately before and after the vacation.

It should be clear that this amendment is not sought for any bad faith or dilatory purposes on the part of the movant, and that the amendment would not be futile. *Id*. To wit, the Defendant clearly installed a set of staffing rules that removed controls that should have required applicants to be considered only on the basis of objective standards related to merit. Moreover, the Defendant utterly failed to conduct any of the random audits that were required to ensure that selections were proceeding on the basis of merit. Common sense dictates that these measures could clearly have had a disparate impact on categories of employees who are protected from discrimination by the Congressional Accountability Act.

Lastly, there has been no "repeated failure to cure deficiencies by amendments previously allowed" on the Plaintiff's part. *Id*.

### III.  CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that he be permitted to amend his Original Complaint to add an additional count for Disparate Impact as a result of the 2001-2005 Staffing Initiative.

Respectfully Submitted,
_____/s/_____
Leslie D. Alderman III (D.C. # 477750)
ALDERMAN & DEVORSETZ, PLLC
1025 Connecticut Ave., NW
Suite 1000
Washington, DC 20036
Tel: 202-969-8220
Fax: 202-969-8224