IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL GRAHAM | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 1:05CV01340 |
| THE ARCHITECT OF THE CAPITOL | ) | Judge James Robertson |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFF'S RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES

### GENERAL OBJECTIONS

Plaintiff generally objects to Defendant's Interrogatories for the reasons set forth below. Plaintiff's General Objections are incorporated by reference into each of Plaintiff's specific responses to Defendant's Interrogatories.

1. Plaintiff objects to Defendant's Interrogatories insofar as and to the extent that they seek information or documents not related to the claims or defenses that are the subject matter of this action or not reasonably calculated to lead to the discovery of pertinent information, facts or admissible evidence.

2. Plaintiff objects to Defendant Interrogatories insofar as and to the extent that they call for the disclosure of information that is protected by the attorney-client or accountant-client privileges, the work product doctrine or other applicable privileges, or that is exempt by law from disclosure without court authorization and the entry of a protective order governing the disclosure and use of such exempt information.

3. Plaintiff objects to the "Instructions" section of Defendant's to the extent that they seek to impose upon Plaintiff obligations that exceed those set forth in the Federal Rules of Civil Procedure.

4. Plaintiff objects to the "Definitions" section of Defendant's Interrogatories with regard to definitions of certain terms insofar as they seek to impose upon Plaintiff's obligations that exceed those set forth in the Federal Rules of Civil Procedure, are overly broad, unduly burdensome and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff objects to Defendant's Interrogatories on the grounds of lack of relevance, oppression and undue burden.

6. Plaintiff objects to Defendant's Interrogatories insofar as various of these requests seek information regarding or related to irrelevant matters. These requests are overly broad,


GOVERNMENT EXHIBIT 15

unduly burdensome and not reasonably calculated to lead to the discovery of relevant information, facts or admissible evidence.

7. Plaintiff objects to Defendant's Interrogatories to the extent that they are unlimited or overbroad as to time or scope or unrelated to the claims of plaintiff or defenses of Defendant in. this litigation. These requests are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information, facts or admissible evidence.

8. Plaintiff objects to Defendant's Interrogatories to the extent that various of these discovery requests seek identification of or information or documentation concerning unspecified communications, occurrences or events. Such requests are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant information, facts or admissible evidence, and call for the production of privileged documents.

9. Plaintiff objects to Defendant's Interrogatories insofar as they call on Plaintiff to ascertain information about or from third parties who may have knowledge *vel non* relating to the matters in litigation and about the state of such third parties' knowledge *vel non*. Such requests seek to impose burdens on Defendant beyond those prescribed by the Federal Rules of Civil Procedure.

10. Plaintiff objects to Defendant's Interrogatories to the extent that various of these discovery requests call upon Plaintiff to identify, describe or extract information from third parties or from documents in the possession, custody or control of third parties.

11. Plaintiff objects to the production of confidential mental, health, medical and other sensitive or confidential or personnel information, other than pursuant to procedures that afford confidential treatment for such documents, and that are set forth in a protective order entered by the court prior to Plaintiff's production of information or documents in response to plaintiffs discovery requests.

12. Plaintiff objects to these Interrogatories to the extent they are unnecessarily repetitive of his deposition testimony.

## RESPONSES

**Interrogatory No. 1:** Identify the name and title of each and every individual who has knowledge concerning the facts that you have alleged to support your allegations of discrimination based upon race, or in retaliation for having participated in the EEO process, including in your response a description of their knowledge.

**RESPONSE**

Without waiving the above referenced objections, the Plaintiff identifies, generally, each person that participated in or condoned the selection process, including the person or persons who: developed the interview questions, selected the persons to be interviewed, developed the crediting and scoring methodology used in the interviews, recommended Mr. Smith for selection, selected Mr. Smith, and concurred in the selection of Mr. Smith. In this regard, the Plaintiff specifically identifies Steve Stewart, Peter Aitcheson, and Kenny Masters and Frank Tiscione. The Defendant has the identifying information regarding each listed person and any additional persons who fit the above description. The Plaintiff additionally identifies the Architect of the Capitol, Alan Hantman, who on and after March 2001, relaxed the selection process rules in such a way to condone and promote discriminatory and retaliatory selections

**Interrogatory No. 2:** Identify the name and title of each AOC employee who allegedly discriminated or retaliated against you.

**RESPONSE**

Without waiving the above referenced objections, please refer to the response to Interrogatory No. 1.

**Interrogatory No. 3:** For each individual identified in your response to Interrogatory No. 2, describe in detail any derogatory statement made about you, or any discriminatory action taken against you, by that individual, including each and every instance of discrimination, the date and location of such actions, the nature of such actions, and how such actions were discriminatory.

**RESPONSE**

Without waiving the above referenced objections, with the exception of the discriminatory and retaliatory non-selection at issue in this complaint, neither Steve Stewart,

Peter Aitcheson, Kenny Masters, Frank Tiscione or Alan Hantman have taken any overtly discriminatory action against him.

**Interrogatory No. 4:** Please identify each and every document referring or related to the allegations set forth in your Complaint, including in your answer the name and address of the present custodian of each such document, and if any such document has been destroyed or otherwise disposed of, the date and circumstance of such disposition.

**RESPONSE**

The Plaintiff objects to the interrogatory on the grounds that it is overly vague since it does not define what is meant by "referring or relate to the allegations set forth in your complaint." Without waiving this objection, the Plaintiff interprets the interrogatory to ask for all documents that support his claim that the nonselection was premised on race or retaliation. As such, the Plaintiff refers to the documents the Defendant has produced in discovery, the defendant's responses to the Plaintiff's discovery requests, and the documents identified in the Plaintiff's response to Request for Production No. 2.

**Interrogatory No. 5:** Please identify each and every person who has provided you, your representatives, or agents with oral or written statements referring or related to the allegations set forth in your Complaint, including matters related to credibility, including in your answer the date of each such statement and the custodian of any written statement or transcript or recording of such statement.

**RESPONSE**

Without waiving the above referenced objections, Mr. Stewart informed Mr. Graham, in response to Mr. Graham's query why he was not selected for the position at issue, that the selectee answered questions about the fire alarm system better than Mr. Graham had.