IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL GRAHAM, <br><br>       Plaintiff, <br><br> v. <br><br> THE ARCHITECT OF THE CAPITOL, <br><br>       Defendant. | Case No. 1:05CV01340 <br> Judge James Robertson |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

COMES NOW, defendant, by undersigned counsel, and respectfully responds to plaintiff's first set of interrogatories:

**GENERAL OBJECTIONS**

1. Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks information or documents protected by the attorney-client privilege, or any other evidentiary privilege, or is conditionally or otherwise protected under the attorney work-product doctrine.

2. Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks information or documents not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to Plaintiff's discovery requests to the extent that any inquiry or request seeks to have Defendant create documents that do not exist.

4. Defendant objects to all discovery that is unreasonably cumulative or duplicative, or is equally available to Plaintiff.

1

5. Defendant objects to any inquiry or request that seeks information which, if disclosed, would violate a statute or regulation. Defendant objects to any demand by Plaintiff that the documents sought be produced for copying and inspection in a manner other than that which they are kept in the usual course of business.

6. Defendant objects to any inquiry or request that seeks information subject to the Privacy Act or that compromises the privacy rights of individuals not party to this matter.

7. Defendant objects to the discovery requests to the extent that an omission herein of a defense or argument later asserted is interpreted as a waiver of such defense by Plaintiff.

8. Defendant objects to the discovery requests that are burdensome or an undue burden, oppressive, or harassing, an annoyance, or expensive or costly.

## INTERROGATORIES

1. Please describe the process by which the selection at issue in the Complaint was made, identifying all individuals involved (including candidates, the selectee and the individuals responsible for making the selection), and each person specific role in the selection process.

**RESPONSE:** There were applications for the position from various applicants which were submitted to a three person interview panel for evaluation and consideration for selection to the position. Plaintiff and the other applicants filled out their personal information; knowledge, skills and abilities (KSAs) information; and other information through a computerized personnel system, AVUE. The applications were scored by AVUE. Initially, plaintiff was not included on the list possible of interviewees, due to his AVUE score. However, later, adjustments were made so that Plaintiff could be interviewed. The highest scoring applicants were referred to an interview panel. Among the three applications submitted to the panel were the applications of

the plaintiff and the selectee for the position.

Mr. Peter Aitcheson, a member of the interview panel, prepared a set of questions that were asked during the interviews of each applicant. The interview panel members made individualized notes of the responses given to each question by each applicant. Each of the panel members separately evaluated the information in the application of each applicant interviewed, the information provided during the interviews, and determined how well each applicant met the different qualifications for the position. The panel members met and determined that two of the three panel members considered the selectee the best qualified applicant. One panel member considered the third applicant the best qualified applicant. None of the panel members considered the plaintiff was the best qualified applicant for the position.

The interview panel was to determine which applicant was to be recommended by the panel for selection to the position. The recommendation was made to the Superintendent, House Office Buildings, Mr. Frank Tiscione, who accepted the recommendation.

The plaintiff was one of the applicants considered by the interview panel. The selectee for the position was considered by the interview panel members and recommended to the Superintendent who accepted the recommendation.

The interview panel was comprised of Mr. Peter Aitcheson, Assistant Superintendent; Mr. Steve Stewart, General Foreman, Electric Shops,; and Mr. Kevin Masters, Foreman, HVAC Shops. Their role was to evaluate the applications and the responses to the questions asked of each applicant for the position and determine how and to what extent each applicant was considered to meet the needs and qualifications to fill the position.

2. Please identify and explain the manner in which the composition of the selection panel, and the assignment of the selecting official and any concurring officials were determined, identifying in your response any governing rules, policies, handbook provisions, and regulations.

**RESPONSE:** The House Office Buildings (HOB) has a panel typically comprised of an Assistant Superintendent in the management chain of command of the shop or work area. The panel members are usually at a higher or the same level as the position to be filled. If there is no individual from the same shop, trade, or work area to be a member of the interview panel, then an individual from another trade, shop, or work area is selected to be a member of the panel. The other panel members are typically supervisors in the trade or shop or work area in which the applicant will be assigned to work.

In the particular selection at issue, the position was in the Electrical shop. Because no other supervisor in the Electrical shop at the same or higher level was available, Mr. Kevin Masters from the HVAC shops was selected to be a member of the interview panel.

In addition to the official interview panel members, there is a volunteer, or voluntary, impartial observer who attends the interviews but does not participate in the process. In the selection at issue the impartial observer was Ms. Ann Whitman.


3. Please identify and explain any and all legitimate, nondiscriminatory justifications for not selecting Mr. Graham for the position at issue in the Complaint, identifying each document that supports the Agency response to this Interrogatory.

**RESPONSE:** The plaintiff was not selected because he lacked the skills, knowledge, abilities (KSAs), and other qualifications for the position. The position required knowledge in

4

fire alarm systems among other qualifications. Plaintiff lacked knowledge in fire alarms, especially as compared to the fire alarm qualifications of the selectee, who had years of experience in fire alarms.

The plaintiff did not have the desirable or necessary supervisory skills for the position, particularly as compared to those of the selectee in this area. The plaintiff had about one year experience as a work leader which is not a supervisory position as such. The selectee's supervisory experiences included about three years in a supervisory position with the military. Further, Plaintiff did not meet the required work ethic considerations for a supervisor position.

Plaintiff performed poorly during the interview. Plaintiff's responses to the questions were considered inadequate or otherwise did not meet the qualifications and requirements for a supervisor for the position at issue. The selectee's performance during the interview was considerably superior.

Plaintiff's application was poorly prepared. The application did not provide the information that showed that plaintiff met the qualifications or requirements for the position. The selectee's application reflected supporting data and information to support his KSAs and meeting of the qualifications and requirements for the position. The selectee had more and better supervisory qualifications and experiences than did plaintiff.

Plaintiff's work performance as a work leader, and employee, reflected that he would not perform as required for a supervisor and did nor reflect that plaintiff met the qualifications to be a supervisor. Selectee's work performance was considerably superior.

4. Please explain when and how (including the justification) the Defendant communicated Mr. Graham nonselection to him, and identify the employee responsible for so

notifying him.

**RESPONSE:** The Human Resources Management Division (HRMD) is responsible for the notifications. It is not known which HRMD employee, if any, may have communicated with plaintiff. In addition, it is noted that plaintiff contacted Mr. Stewart, General Foreman, a few weeks after the selectee's selection as to why plaintiff was not selected. Mr. Stewart provided plaintiff with limited information at the time that was considered sufficient.

5. Please describe the selection process for the three Night Shift Assistant Supervisor positions for the Electrical Division of the House Office Building prior to the selection at issue here, including the identity of the selectee, the candidates for each selection, the members of each selection panel, and the justification for each selection.

**RESPONSE:** Defendant objects to the request as not relevant to the issues; overbroad in scope, length of period of time of request, nature of request, or other; unduly burdensome; oppressive; information requested violates privacy interests of third party individuals and a protective order for such interests is needed. Without waiving any objection, defendant responds that the selection process for these positions were the same, or basically the same, as for the position at issue except that the interview panel members differed.

6. Please identify and explain each instance within the ten years preceding the date of these interrogatories in which any person in the chain of command between (and including) Mr. Graham and Frank Tiscione has been charged with or found to have discriminated against an AOC employee on the basis of race or retaliated against an AOC employee, either via the AOC discipline procedure, an internal AOC (including EEO-CP) investigation, a hearing before the

6

Office of Compliance (or a decision on any appeal made thereon) or a civil action (or a decision on any appeal made thereon.

**RESPONSE:** Defendant objects to the request as not relevant to the issues; overbroad in scope, length of period of time of request, nature of request, or other; unduly burdensome; oppressive; information requested violates privacy interests of third party individuals and a protective order for such interests is needed.

Without waiving any objection, defendant responds that the Congressional Accountability Act (CAA) imposes confidentiality requirements. Responsive communications involving defendant's Office of General Counsel are privileged.

7. Identify, explain, and describe any inquiry or investigation(s) the Defendant has made into allegations of race discrimination or reprisal in the ten year period preceding these Interrogatories: 1) that is alleged to have occurred in the Electrical Division of the House Office Building of the Architect of the Capitol; or 2) that was alleged to have been committed or condoned by any Superintendent, Deputy Superintendent or Assistant Superintendents, or any other employee with managerial or supervisory oversight over the Electrical Division. Your response should identify the alleged discriminating official or employee, identify any documents containing any findings regarding the allegation(s) and explain any disciplinary actions (formal or informal) taken as a result.

**RESPONSE:** See response to interrogatory 6.

8. Please identify each and every communication that the selecting official(s) or interview panel members had amongst themselves and with any other employees or officials of

the Architect of the Capitol (including the EEO-CP) or the Office of General Counsel with regard to the selection at issue in the Complaint, including but not limited to, developing the vacancy announcement used to advertise the selection, developing the interview questions that were to be asked of the candidates, the weight given to each interview question asked, the manner in which the candidates responses and application materials would be scored, comparing the candidates to one another, and any deliberations related to the ultimate selection, the ultimate selection decision, any approval required for the ultimate selection, and the manner in which the nonselection would be communicated to the Plaintiff.

**RESPONSE:** Defendant objects to the request as not relevant to the issues; overbroad in scope, length of period of time of request; nature of request, or other; unduly burdensome; oppressive; information requested violates privacy interests of third party individuals and a protective order for such interests is needed. Responsive communications involving defendant's Office of General Counsel are privileged. Without waiving any objection, defendant responds that the information used in the selection process for consideration and selection by the interview panel or selecting official will be provided.

The questions were prepared by Mr. Aitcheson without the participation of others. There was no particular weight given to any question. There was no particular scoring requirements for the questions and answers. The applicants were not compared with each other. There were no particular deliberations related to the ultimate selection except that after individualized assessments by each panel member they met and it was clear that two of the panel members agreed that the selectee was the best qualified applicant and the selectee was recommended as such to Mr. Tiscione who approved the recommendation and the selectee was selected.

9. Identify and explain the standards (and any policies, manuals, regulations, memoranda, guidelines, etc. governing those standards) that governed the selection panel consideration, deliberation, and decision in the selection at issue here.

**RESPONSE:** Defendant in general follows its policy for staffing, Chapter 335. The interview panel then makes use of the duties of the position and compares the qualifications of the applicants for the position and determines which applicant possesses the best qualifications to fill the position. The panel members make use of their knowledge and experiences in making these determinations.

10. Identify any and all civil actions (by case number, Plaintiff, and counsel for Plaintiff), filed in the ten year period preceding these interrogatories, in which any employee of the Electrical Division alleged that he or she was subject to discrimination based on race or reprisal.

**RESPONSE:** Defendant objects to the request as not relevant to the issues; overbroad in scope, length of period of time of request, nature of request, or other; unduly burdensome; oppressive; information requested violates privacy interests of third party individuals and a protective order for such interests is needed. Without waiving any objection, defendant responds that plaintiff filed a prior civil action, 02-2429, before this Court.

11. Please identify any of the persons involved in the selection at issue here who have ever been found to have discriminated against an AOC employee on the basis of race or reprisal. If so, identify how the finding of discrimination was made, any documents related to that finding, any actions (including formal or informal discipline) the Defendant took as a result.

**RESPONSE:** Defendant objects to the request as not relevant to the issues; overbroad in scope, length of period of time of request, nature of request, or other; unduly burdensome; oppressive; information requested violates privacy interests of third party individuals and a protective order for such interests is needed. Without waiving any objection, defendant responds that if the request is not objectionable and is protected by a protective order it will be provided. Responsive communications involving defendant's Office of General Counsel are privileged.

12. Identify each individual, among the persons on the selection panel, the ultimate selecting official and any concurring officials, who were aware of Plaintiff previous claim of discrimination, civil action and settlement and explain how and when each became aware of those events.

**RESPONSE:** All were aware. The information was public and plaintiff and others had made mention of the same in the work place. For example, the matters were publicized in the press. The exact dates are unknown.

13. Please identify and describe all conversations in which any member of the selection panel and any selecting officials or concurring officials was involved, a subject of which was the Plaintiff's previous complaint of discrimination, civil action against the Architect of the Capitol or settlement of that civil action.

**RESPONSE:** Objected as over broad and with no specific relevant time frames. In addition, the CAA confidentiality requirements limit the disclosure of certain information. Responsive communications involving defendant's Office of General Counsel are privileged.

14. Please identify and describe all conversations in which any member of the selection panel and any selecting officials or concurring officials was involved, a subject of which was the Plaintiff's current civil action and/or complaint of discrimination or complaint of reprisal.

**RESPONSE:** The matters are privileged or the subject of attorney work product. Objected to as over broad with no specific time frames. The CAA confidentiality requirements also limit the disclosure of certain information. In addition, these conversations, if any, took place after the selection processes had taken place and are irrelevant. Responsive communications involving defendant's Office of General Counsel are privileged.

15. Please describe all facts known to the Agency, including but not limited to the identities of all persons known to have been involved, whether any investigation was undertaken, and any action (including formal or informal discipline) taken as a result about a rope that hung from the ceiling or rafters in the Electrical Division Break Room, pictures taken of white electricians posing as Ku Klux Klan members with one or more African American employees posing as if they were being hung; and the posting of the aforementioned pictures in the Electrical Division Break room.

**RESPONSE:** Defendant objects to the request as not relevant to the issues; overbroad in scope, length of period of time of request, nature of request, or other; unduly burdensome; oppressive; information requested violates privacy interests of third party individuals and a protective order for such interests is needed. Without waiving any objection, defendant responds that if the information is not objectionable and if protected by a protective order it will be provided. Privileged as to matters involving defendant's Office of General Counsel.

16. Please identify and explain any and all rules, regulations and policies related to, and the individuals currently responsible for investigating claims of discriminatory conduct and imposing discipline against persons found to have discriminated against AOC employees on the basis of race, reprisal or any other factor protected by the Congressional Accountability Act.

**RESPONSE:** Defendant has a number of internal policies that prohibit discrimination, violence, harassment and similar discriminatory or prohibited activities. The defendant is subject to the prohibitions found in the Congressional Accountability Act (CAA), 2 U.S.C. 1301 et seq.

The CAA provides that all complaints or allegations of proscribed discrimination, reprisal, and other CAA proscribed activities must be processes through the Office of Compliance.

Defendant has an established Office of Equal Employment Opportunity and Conciliation Programs (EEOCP) available to receive complaints by employees who have complaints or feel aggrieve because of discrimination. The employees are informed of the CAA requirements that the matters must be processed through the Office of Compliance. However, employees may request that defendant's EEOCP office be involved in the personnel matters complained of and EEOCP will look into the matters and attempt to resolve the matters. This includes also employees who feel they have a grievance or personnel matter that affects them for any other reason even if not related to prohibited matters.

Defendant makes use of all members of supervisory and management staff as well as all employees when investigating any allegations of prohibited conduct or other personnel related matters. In the event that there is conduct considered to be a violation of defendant's policies or the CAA, appropriate action is taken by management officials to stop such conduct or matters

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


MICHAEL GRAHAM
    Plaintiff


v.                      Case Number 1: 05CV01340


THE ARCHITECT OF THE CAPITOL
    Defendant


CERTIFICATION OF DISCOVERY RESPONSES

I, Edgard Martinez, declare under penalty of perjury under the laws of the United States that the foregoing Defendant's responses to Plaintiff's Interrogatories are true and correct based upon my knowledge, information and belief, and based upon information provided by present employees of the Office of the Architect of the Capitol and records maintained by the Agency.

In Washington, D.C., this 19 day of January, 2006.

_____
Edgard Martinez

and as appropriate disciplinary or other appropriate actions can be taken.

In Washington, D.C. this 23rd day of January, 2006.

        For objections,

        */s/ Kenneth L. Wainstein*
        KENNETH L. WAINSTEIN, DC BAR #451058
        United States Attorney

        */s/ R. Craig Lawrence*
        R. CRAIG LAWRENCE, DC BAR # 171538
        Assistant United States Attorney

        Mercedeh Momeni
        Assistant United States Attorney
        Judiciary Center
        555 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 305-4851

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the above date service of the foregoing has been made by mailing a copy thereof to Plaintiff's counsel:

Leslie D. Alderman III, Esquire
Alderman & Devorsetz, PLLC
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D. C. 20036

/s/
_____
Mercedeh Momeni
Assistant United States Attorney
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 305-4851