IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL GRAHAM | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 1:05CV01340 |
| THE ARCHITECT OF THE | ) | Judge James Robertson |
| CAPITOL | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please describe the process by which the selection at issue in the Complaint was made, identifying all individuals involved (including candidates, the selectee and the individuals responsible for making the selection), and each person specific role in the selection process.

**RESPONSE:** The information demanded has been previously provided. Insofar as plaintiff requires information regarding the *referral* process, the AVUE system rates the candidates to determine whether they are qualified and provides a rating. Thereafter, Human Resources Management Division (HRMD) personnel reviews the outcome. It is believed that a deceased employee, Mattie Lindsey, who worked in the HRMD was involved in the process to refer plaintiff, but this information is not clearly identifiable, recalled, or available. This deceased employee was not involved in the interview panel's selection process. Mr. Aitcheson developed the interview questions based on operational needs for the position, in light of his experience and his knowledge of the activity of the

1

midnight shift and actual or hypothetical situations that have or could have occurred. The panel members were not provided with a list of answers.

2. Please identify and explain the manner in which the composition of the selection panel, and the assignment of the selecting official and any concurring officials were determined, identifying in your response any governing rules, policies, handbook provisions, and regulations.

**RESPONSE:** To the extent that plaintiff is seeking written materials, Chapter 335 of defendant's policy manual and subsequent documents govern selections in general. Those documents have been provided. Also, the selection panel process has already been described. Further, as a matter of course, Mr. Aitcheson is a member of all interview panels for the positions in divisions under his supervision. Likewise, Steve Stewart participates on all panels for the electrical division. In general, another electrical shop employee, at the appropriate grade, also participates. In this case, Mr. Masters was requested to participate on the interview panel because no other electrical shop employee, at the appropriate grade, was available at the time. Mr. Aitcheson is generally the selecting official and Mr. Tiscione is generally the concurring official.

3. Please identify and explain any and all legitimate, nondiscriminatory justifications for not selecting Mr. Graham for the position at issue in the Complaint, identifying each document that supports the Agency's response to this Interrogatory.

**RESPONSE:** All applications and other selection process documents have been provided. Further, plaintiff is aware of the reasons that have already been provided for his nonselection such as his previous performance, conduct. All position

2

descriptions and vacancy announcements are generic and are not modified for varying shifts. Consideration is given, as necessary, for the differing operational needs for each position or shift.

4.  Please explain when and how (including the justification) the Defendant communicated Mr. Graham's nonselection to him, and identify the employee responsible for so notifying him.

**RESPONSE:** This information has already been provided to plaintiff. After the announcement was made, regarding the filling of the vacancy, Mr. Stewart spoke with plaintiff and explained that the selectee was deemed to have been the best candidate for the job.

5.  Please describe the selection process for the three Night Shift Assistant Supervisor positions for the Electrical Division of the House Office Building prior to the selection at issue here, including the identity of the selectee, the candidates for each selection, the members of each selection panel, and the justification for each selection.

**RESPONSE:** There were no known deviations from the processes followed in the nonselection of Mr. Graham at issue and the prior three (3) vacancies. A list of persons occupying the position has been previously provided.

6.  Please identify and explain each instance within the ten years preceding the date of these interrogatories in which any person in the chain of command between (and including) Mr. Graham and Frank Tiscione has been charged with or found to have discriminated against an AOC employee on the basis of race or retaliated against an AOC employee, either via the AOC

3

discipline procedure, an internal AOC (including EEO-CP) investigation, a hearing before the Office of Compliance (or a decision on any appeal made thereon) or a civil action (or a decision on any appeal made thereon.

**RESPONSE:** Objection. The question is unclear and overbroad. Ten years is a considerable period of time to reconstruct and after repeated inquiries, there are no recalled or known instances of matters other than those indicated. Further, the term "charged" has a number of possible interpretations. Without waiving these objections, there was a prior complaint before the Office of Compliance in which the nonselection of an employee who worked in the air conditioning shop was considered to have been discriminatory because the hearing officer considered the reasons for nonselection to be pretextual. One of the selecting officials in that complaint was Peter Aitcheson.

7. Identify, explain, and describe any inquiry or investigation(s) the Defendant has made into allegations of race discrimination or reprisal in the ten year period preceding these Interrogatories: 1) that is alleged to have occurred in the Electrical Division of the House Office Building of the Architect of the Capitol; or 2) that was alleged to have been committed or condoned by any Superintendent, Deputy Superintendent or Assistant Superintendents, or any other employee with managerial or supervisory oversight over the Electrical Division. Your response should identify the alleged discriminating official or employee, identify any documents containing any findings regarding the allegation(s) and explain any disciplinary actions (formal or informal) taken as a result.

RESPONSE:   Objection. This interrogatory contains multiple parts, and is overbroad and

4

irrelevant. Without waiving those objections. The Office of General Counsel, in early 2001, inquired as to events alleged to be motivated by discrimination or other proscribed bases. The Office of EEOCP also made inquiries as the same. The allegations were about derogatory, allegedly discriminatory, comments made by Mr. Ken Kaldenbach who was reprimanded for the matters. In addition, there were issues regarding a rope (alleged to be a noose) and pictures depicting white sheets over the heads of employees. The inquiries also brought out other comments or matters that allegedly occurred many years, or decades, before, and mainly before the Congressional Accountability Act effective date of 1996, these that were mentioned during the inquiry by employees in the electrical division. The EEOCP inquiry also regarded the same matters regarding Mr. Ken Kaldenbach. Mr. Robert Miley, Superintendent, made inquiries about the same matters.

9. Identify and explain the standards (and any policies, manuals, regulations, memoranda, guidelines, etc. governing those standards) that governed the selection panel consideration, deliberation, and decision in the selection at issue here.

**RESPONSE:** Objection. This question is vague and overbroad. Without waiving these objections, interviews and other materials submitted to the panel are not considered tests with correct or incorrect answers. With regard to the questions posed by the panel for the position at issue, they sought to gather information about the knowledge, skills, and abilities of the applicants and allow for comparisons with the other applicants. See also response to interrogatory

number 1.

10. Identify any and all civil actions (by case number, Plaintiff, and counsel for Plaintiff), filed in the ten year period preceding these interrogatories, in which any employee of the Electrical Division alleged that he or she was subject to discrimination based on race or reprisal.

**RESPONSE:** No other civil action is known to have been filed involving the electric shop other than Mr. Graham's prior civil action brought in U.S. District Court for the District of Columbia in or about 2002.

11. Please identify any of the persons involved in the selection at issue here who have ever been found to have discriminated against an AOC employee on the basis of race or reprisal. If so, identify how the finding of discrimination was made, any documents related to that finding, any actions (including formal or informal discipline) the Defendant took as a result.

**RESPONSE:** See response to number 8. Mr. Aitcheson has not been the subject of disciplinary actions and Mr. Aitcheson's OPF has been produced. The case was before the Office of Compliance and plaintiff's counsel has a copy of the records since plaintiff's counsel was counsel for the complainant in the other matter.

12. Identify each individual, among the persons on the selection panel, the ultimate selecting official and any concurring officials, who were aware of Plaintiff's previous claim of discrimination, civil action and settlement and explain how and when each became aware of those events.

6

**RESPONSE:** Objection. This interrogatory is irrelevant. Without waiving that objection, plaintiff's prior litigation was publicized orally by plaintiff in the work place at the time. The litigation was a matter of public record since the same was filed in the U.S. District Court and various newspapers publicized the same. The exact dates of this are already available to plaintiff who was a participant in the matters. The panel members had heard of the prior complaint because of the publicity it received from plaintiff and/or the press and comments made by others at the time. Mr. Tiscione was also advised of the settlement terms of the previous matter during the settlement discussions.

13. Please identify and describe all conversations in which any member of the selection panel and any selecting officials or concurring officials was involved, a subject of which was the Plaintiff's previous complaint of discrimination, civil action against the Architect of the Capitol or settlement of that civil action.

**RESPONSE:** Objection. This interrogatory is overbroad. Without waiving this objection, during the selection proceedings, the prior complaint was not discussed by panel members.

15. Please describe all facts known to the Agency, including but not limited to the identities of all persons known to have been involved, whether any investigation was undertaken, and any action (including formal or informal discipline) taken as a result about a rope that hung from the ceiling or rafters in the Electrical Division Break Room, pictures taken of white electricians posing as Ku Klux Klan members with one or more African American employees posing as if they were being hung; and the posting of the aforementioned pictures in the Electrical Division

Break room.

**RESPONSE:** Objection. This interrogatory is overbroad, burdensome, oppressive. Further, these allegations are irrelevant to the current litigations and settled by plaintiff years ago. Additionally, the information sought is unclear and vague. There are multiple questions presented in a confusing, vague, and unclear manner. Without waiving these objections, Office of General Counsel, as part of its work-product and attorney client privilege related to the litigation or anticipated litigation of these allegations, inquired or investigated these allegations. The EEOCP made inquiries about these matters. The then superintendent, Mr. Robert Miley, also made inquiries into these matters.

16. Please identify and explain any and all rules, regulations and policies related to, and the individuals currently responsible for investigating claims of discriminatory conduct and imposing discipline against persons found to have discriminated against AOC employees on the basis of race, reprisal or any other factor protected by the Congressional Accountability Act.

**RESPONSE:** Objection. This interrogatory is vague and overbroad. Without waiving these objections, there are no policies that specifically require or provide for an "investigation" or for imposing discipline. When allegations or claims of this nature are made they can be brought to the EEOCP, Office of Compliance, or brought to the attention of supervisory staff or the HRMD. Depending on when and where the claims or allegations are made will result in inquiries or investigations by different entities or persons within AOC. Sometimes EEOCP

conducts inquiries. At times, the Office of General Counsel will inquire or investigate claims of this nature. Management officials may inquire or investigate claims brought to their attention. Defendant then takes whatever steps or measures it considers appropriate under the circumstances.

In Washington, D.C. this 3rd day of March, 2006.

For objections,

_/s/ Kenneth L. Wainstein_
KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney

_/s/ R. Craig Lawrence_
R. CRAIG LAWRENCE, DC BAR # 171538
Assistant United States Attorney

_/s/ Mercedeh Momeni_
MERCEDEH MOMENI
Assistant United States Attorney
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 305-4851


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the above date service of the foregoing has been made by mailing a copy thereof to Plaintiff's counsel:

Leslie D. Alderman III, Esquire
Alderman & Devorsetz, PLLC
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D. C. 20036

                                        Mercedeh Momeni
                                        Assistant United States Attorney
                                        Judiciary Center
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL GRAHAM
   Plaintiff

v.                Case Number 1: 05CV01340

THE ARCHITECT OF THE CAPITOL
   Defendant

CERTIFICATION OF DISCOVERY RESPONSES

I, Edgard Martinez, declare under penalty of perjury, pursuant to the laws of the United States, that the foregoing Defendant's responses to Plaintiff's Interrogatories are true and correct based upon my knowledge, information and belief, and based upon information provided by present employees of the Office of the Architect of the Capitol and records maintained by the Agency.

In Washington, D.C., this 27th day of February, 2006.

_____
Edgard Martinez

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL GRAHAM
   Plaintiff

v.                      Case Number 1: 05CV01340

THE ARCHITECT OF THE CAPITOL
   Defendant

## CERTIFICATION OF DISCOVERY RESPONSES

I, Steve Stewart, declare under penalty of perjury, pursuant to the laws of the United States, that the foregoing Defendant's responses to Plaintiff's Interrogatories 11, 12, 13, ' are true and correct based upon my knowledge, information and belief, and based upon information provided by present employees of the Office of the Architect of the Capitol and records maintained by the Agency.

In Washington, D.C., this     day of February, 2006.

_____
Steve Stewart

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL GRAHAM
Plaintiff

v.                          Case Number 1: 05CV01340

THE ARCHITECT OF THE CAPITOL
Defendant

CERTIFICATION OF DISCOVERY RESPONSES

I, Peter Aitcheson, de+clare under penalty of perjury, pursuant to the laws of the United States, that the foregoing Defendant's responses to Plaintiff's Interrogatories 1, 2, 3, 5, 6, 9, 10, 11, 12, 13 are true and correct based upon my knowledge, information and belief, and based upon information provided by present employees of the Office of the Architect of the Capitol and records maintained by the Agency.

In Washington, D.C., this 27 day of February, 2006.

*(signature)*
Peter Aitcheson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL GRAHAM
   Plaintiff

v.                           Case Number 1: 05CV01340

THE ARCHITECT OF THE CAPITOL
   Defendant

## CERTIFICATION OF DISCOVERY RESPONSES

I, Ed Lopez, declare under penalty of perjury, pursuant to the laws of the United States, that the foregoing Defendant's responses to Plaintiff's Interrogatories 7, 15, 16 are true and correct based upon my knowledge, information and belief, and based upon information provided by present employees of the Office of the Architect of the Capitol and records maintained by the Agency.

In Washington, D.C., this 27th day of February, 2006.

_____
Ed Lopez