## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL GRAHAM | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE ARCHITECT OF THE | ) |
| CAPITOL | ) |
| | ) |
| Defendant. | ) |

Case No. 1:05CV01340
Judge James Robertson

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## REQUESTS FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS

Plaintiff generally objects to Defendant's Requests for Production for the reasons set forth below. Plaintiff's General Objections are incorporated by reference into each of Plaintiff's specific responses to Defendant's Requests for Production.

1. Plaintiff objects to Defendant's Requests for Production insofar as and to the extent that they seek information or documents not related to the claims or defenses that are the subject matter of this action or not reasonably calculated to lead to the discovery of pertinent information, facts or admissible evidence.

2. Plaintiff objects to Defendant Requests for Production insofar as and to the extent that they call for the disclosure of information that is protected by the attorney-client or accountant-client privileges, the work product doctrine or other applicable privileges, or that is exempt by law from disclosure without court authorization and the entry of a protective order governing the disclosure and use of such exempt information.

3. Plaintiff objects to the "Instructions" section of Defendant's to the extent that they seek to impose upon Plaintiff obligations that exceed those set forth in the Federal Rules of Civil Procedure.

4. Plaintiff objects to the "Definitions" section of Defendant's Requests for Production with regard to definitions of certain terms insofar as they seek to impose upon Plaintiff's obligations that exceed those set forth in the Federal Rules of Civil Procedure, are overly broad, unduly burdensome and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff objects to Defendant's Requests for Production on the grounds of lack of relevance, oppression and undue burden.

6. Plaintiff objects to Defendant's Requests for Production insofar as various of these requests seek information regarding or related to irrelevant matters. These requests are

overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information, facts or admissible evidence.

7.  Plaintiff objects to Defendant's Requests for Production to the extent that they are unlimited or overbroad as to time or scope or unrelated to the claims of plaintiff or defenses of Defendant in this litigation. These requests are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information, facts or admissible evidence.

8.  Plaintiff objects to Defendant's Requests for Production to the extent that various of these discovery requests seek identification of or information or documentation concerning unspecified communications, occurrences or events. Such requests are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant information, facts or admissible evidence, and call for the production of privileged documents.

9.  Plaintiff objects to Defendant's Requests for Production insofar as they call on Plaintiff to ascertain information about or from third parties who may have knowledge *vel non* relating to the matters in litigation and about the state of such third parties' knowledge *vel non*. Such requests seek to impose burdens on Defendant beyond those prescribed by the Federal Rules of Civil Procedure.

10. Plaintiff objects to Defendant's Requests for Production to the extent that various of these discovery requests call upon Plaintiff to identify, describe or extract information from third parties or from documents in the possession, custody or control of third parties.

11. Plaintiff objects to the production of confidential mental, health, medical and other sensitive or confidential or personnel information, other than pursuant to procedures that afford confidential treatment for such documents, and that are set forth in a protective order entered by the court prior to Plaintiff's production of information or documents in response to plaintiffs discovery requests.

12. Plaintiff objects to these Requests for Production to the extent they are unnecessarily repetitive of his deposition testimony.

## RESPONSES

1.    Please produce each and every document identified in responses to Defendant's First Set of Interrogatories and label them to indicate the interrogatory or interrogatories to which the documents relate.

**RESPONSE:**

Please refer to the following responses.

2.    Please produce each and every document that substantiates the allegations contained in your Complaint and indicate to which paragraph in your Complaint the documents relate, including all documents filed with, prepared for, or received from the Office of Compliance.

**RESPONSE:**

Without waiving the above-referenced General Objections, the following documents, produced by the Defendant, support the Plaintiff's claims of discrimination, retaliation by supporting the contention that the Defendant's justification for not selecting him to the position of Night Shift Assistant Supervisor was pretextual in nature:

| Bates | Title |
|---|---|
| 1-2 | Vacancy Announcement |
| 3-5 | Position Description |
| 9-120 | Selection File, including applications of interviewed persons, interview questions and responses and scoring matrices. |
| 310-311 | Memo Re: Staffing Initiative for Filling Vacancies (5/23/05), by Hantman |
| 317 | Memo Re: Pilot Staffing Initiative for Filling Vacancies (9/28/01) |
| 319-322 | Memo from Hantman, Re: Pilot Staffing Initiative for Filling Vacancies |
| 328 | Justification of Candidates Selected for Interviews |
| 331-355 | AOC Personnel Manual Chapter 335, "Career Staffing" dated 7/15/1994 |

| 356 | Disciplinary Action Routing Sheet for Kaldenbach |
|-----|--------------------------------------------------|
| 357 | Letter of Reprimand (6/1/2001) by John Chabo (Gen Foreman) |
| 358 | Concurrence letter (5/9/2001) by Robert Miley, Superintendent HOB |
| 360 | Proposal for Reprimand |
| 368 | Kaldenbach's response letter |
| 369 | 1/31/01 memo to file from William Weidermeyer (asst Super) regarding Kaldenbach matter. |
| 370 | List of former Supervisors in electrical branch |
| 374 | List of Interviewees |
| 408–437 | Records from Parker matter |
| 1213-1267 | Aitcheson OPF |
| 1268-1271 | List of applicants |
| 1275-1278 | Complete Certificate of Eligibles |
| 1612-1616 | Notes and Memoranda related to Mr. Graham's previous EEO activity. |

Additionally, the Plaintiff refers to Defendant's Supplemental Interrogatory responses nos. 1, 2, 3, 4, 6, 7, 9, 11, 12, 13, 15, 16, and its original responses to Interrogatory Nos. 1, 2, 3, 4, 8, and 9.

3    Please produce each and every document prepared by Plaintiff which relates or refers to the incidents, conduct or work environment giving rise to his claims, including, but not

limited to any and all handwritten or typed notes, diaries, logs, letters, memoranda and other documents, regardless of when such documents were prepared.

**RESPONSE:**

Without waiving the above-referenced General Objections, the Plaintiff's investigation into the existence of responsive documents is ongoing. Plaintiff will provide all responsive documents by no later than April 14, 2006.

4.    If you believe that you have suffered any damages, injuries, trauma, losses, or harms as a result of the conduct of Defendant, please produce any and all documents prepared by you which describe what you have suffered, including, but not limited to any and all handwritten or typed notes, diaries, logs, letters, memoranda and other documents, regardless of when such documents were prepared.

**RESPONSE:**

Without waiving the above-referenced General Objections, the Plaintiff's investigation into the existence of responsive documents is ongoing. Plaintiff will provide all responsive documents by no later than April 14, 2006.

5.    Please produce each and every document provided to each person who is acting or has acted as a consultant, treating physician, treating health care provider, or expert on plaintiff's behalf regarding the claims upon which this action is based, or who will testify as an expert at trial.

**RESPONSE:**

Without waiving the above-referenced General Objections, no such documents have been provided to any such individuals.

6. Please produce any and all documents you intend to use as exhibits at the trial in this matter.

**RESPONSE:**

Without waiving the above-referenced General Objections, the Plaintiff has not yet contemplated the exhibits he intends to introduce at trial.

7. Please produce any and all documents in your possession relating to equal employment opportunity that you may have filed with any administrative agency including, but not limited to the Office of Compliance (whether formal or informal) that you have filed in the period from January 1, 1990 to the present.

**RESPONSE:**

The Plaintiff objects on the grounds that the request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

8. Please produce each and every document regarding any claim raised in your Complaint that has not been produced in response to Requests 1 through 7 above.

**RESPONSE:**

The Plaintiff objects on the grounds that the request is unduly vague and oppressive, since it includes in its scope all "claims" raised in the complaint without defining what it means by "claims." Without waiving this objection, the Plaintiff asserts that all known documents that relate to his claims that the promotion was denied to him because of discrimination or retaliation have been identified or produced in response to these requests.

9. Please produce any and all documents which support your claim for damages, including but not limited to records that support your answer to Defendant's Interrogatories.

**RESPONSE:**

Without waiving the above-referenced General Objections, Plaintiff refers to records of his pay, benefits (including, but not limited to insurance and retirement contributions), all of which are in the Defendant's possession and control. Plaintiff will additionally provide medical documentation for his claim that he began to suffer hypertension after experiencing discrimination and retaliation in the workplace.

10. Please produce any and all documents prepared by or provided by any and all health care and/or mental health care providers identified in answer to Defendant's Interrogatories.

**RESPONSE:**

Without waiving the above-referenced General Objections, please refer to the Plaintiff's responses to the relevant.

11. Please sign the enclosed medical and financial records release authorization forms and return them to counsel for Defendant.

**RESPONSE:**

The Plaintiff incorporates by reference here his response to Interrogatory No. 9.

12. Please produce any and all documents providing factual support for your claim that you were discriminated against on the basis of race and/or in reprisal for your prior protected activity.

**RESPONSE:**

Without waiving the above-referenced General Objections, please refer to the Plaintiff's response to Request No. 2, supra.

13.    Please produce any and all documents providing factual support for your claim that you

were not promoted to night shift assistant supervisor due to your race and/or in reprisal for your

prior protected activity.

**RESPONSE:**

Without waiving the above-referenced General Objections, please refer to the Plaintiff's

response to Request No. 2, supra.

Respectfully Submitted,
ALDERMAN & DEVORSETZ, PLLC

Leslie D. Alderman III (D.C. # 477750)
1025 Connecticut Ave., NW
Suite 1000
Washington, DC 20036
Tel: 202-969-8220
Fax: 202-969-8224

## CERTIFICATE OF SERVICE

I certify that on this day, March 22, 2006, I served a copy of the foregoing document entitled "Plaintiff's Responses to Defendant's Requests for Production of Documents" by mail to the following person or persons.

Mercedeh Momeni
Assistant United States Attorney,
U.S. Department of Justice
555 4th St., NW
Washington, DC 20530

Signed,

Leslie D. Alderman III

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL GRAHAM | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   **Case No. 1:05CV01340** |
| THE ARCHITECT OF THE | )   **Judge James Robertson** |
| CAPITOL | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFF'S RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES

### GENERAL OBJECTIONS

Plaintiff generally objects to Defendant's Interrogatories for the reasons set forth below. Plaintiff's General Objections are incorporated by reference into each of Plaintiff's specific responses to Defendant's Interrogatories.

1. Plaintiff objects to Defendant's Interrogatories insofar as and to the extent that they seek information or documents not related to the claims or defenses that are the subject matter of this action or not reasonably calculated to lead to the discovery of pertinent information, facts or admissible evidence.

2. Plaintiff objects to Defendant Interrogatories insofar as and to the extent that they call for the disclosure of information that is protected by the attorney-client or accountant-client privileges, the work product doctrine or other applicable privileges, or that is exempt by law from disclosure without court authorization and the entry of a protective order governing the disclosure and use of such exempt information.

3. Plaintiff objects to the "Instructions" section of Defendant's to the extent that they seek to impose upon Plaintiff obligations that exceed those set forth in the Federal Rules of Civil Procedure.

4. Plaintiff objects to the "Definitions" section of Defendant's Interrogatories with regard to definitions of certain terms insofar as they seek to impose upon Plaintiff's obligations that exceed those set forth in the Federal Rules of Civil Procedure, are overly broad, unduly burdensome and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff objects to Defendant's Interrogatories on the grounds of lack of relevance, oppression and undue burden.

6. Plaintiff objects to Defendant's Interrogatories insofar as various of these requests seek information regarding or related to irrelevant matters. These requests are overly broad,

unduly burdensome and not reasonably calculated to lead to the discovery of relevant information, facts or admissible evidence.

7. Plaintiff objects to Defendant's Interrogatories to the extent that they are unlimited or overbroad as to time or scope or unrelated to the claims of plaintiff or defenses of Defendant in this litigation. These requests are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information, facts or admissible evidence.

8. Plaintiff objects to Defendant's Interrogatories to the extent that various of these discovery requests seek identification of or information or documentation concerning unspecified communications, occurrences or events. Such requests are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant information, facts or admissible evidence, and call for the production of privileged documents.

9. Plaintiff objects to Defendant's Interrogatories insofar as they call on Plaintiff to ascertain information about or from third parties who may have knowledge *vel non* relating to the matters in litigation and about the state of such third parties' knowledge *vel non*. Such requests seek to impose burdens on Defendant beyond those prescribed by the Federal Rules of Civil Procedure.

10. Plaintiff objects to Defendant's Interrogatories to the extent that various of these discovery requests call upon Plaintiff to identify, describe or extract information from third parties or from documents in the possession, custody or control of third parties.

11. Plaintiff objects to the production of confidential mental, health, medical and other sensitive or confidential or personnel information, other than pursuant to procedures that afford confidential treatment for such documents, and that are set forth in a protective order entered by the court prior to Plaintiff's production of information or documents in response to plaintiffs discovery requests.

12. Plaintiff objects to these Interrogatories to the extent they are unnecessarily repetitive of his deposition testimony.

## RESPONSES

**Interrogatory No. 1:** Identify the name and title of each and every individual who has knowledge concerning the facts that you have alleged to support your allegations of discrimination based upon race, or in retaliation for having participated in the EEO process, including in your response a description of their knowledge.

**RESPONSE**

Without waiving the above referenced objections, the Plaintiff identifies, generally, each person that participated in or condoned the selection process, including the person or persons who: developed the interview questions, selected the persons to be interviewed, developed the crediting and scoring methodology used in the interviews, recommended Mr. Smith for selection, selected Mr. Smith, and concurred in the selection of Mr. Smith. In this regard, the Plaintiff specifically identifies Steve Stewart, Peter Aitcheson, and Kenny Masters and Frank Tiscione. The Defendant has the identifying information regarding each listed person and any additional persons who fit the above description. The Plaintiff additionally identifies the Architect of the Capitol, Alan Hantman, who on and after March 2001, relaxed the selection process rules in such a way to condone and promote discriminatory and retaliatory selections

**Interrogatory No. 2:**        Identify the name and title of each AOC employee who allegedly discriminated or retaliated against you.

**RESPONSE**

Without waiving the above referenced objections, please refer to the response to Interrogatory No. 1.

**Interrogatory No. 3:**        For each individual identified in your response to Interrogatory No. 2, describe in detail any derogatory statement made about you, or any discriminatory action taken against you, by that individual, including each and every instance of discrimination, the date and location of such actions, the nature of such actions, and how such actions were discriminatory.

**RESPONSE**

Without waiving the above referenced objections, with the exception of the discriminatory and retaliatory non-selection at issue in this complaint, neither Steve Stewart,

Peter Aitcheson, Kenny Masters, Frank Tiscione or Alan Hantman have taken any overtly discriminatory action against him.

**Interrogatory No. 4:** Please identify each and every document referring or related to the allegations set forth in your Complaint, including in your answer the name and address of the present custodian of each such document, and if any such document has been destroyed or otherwise disposed of, the date and circumstance of such disposition.

**RESPONSE**

The Plaintiff objects to the interrogatory on the grounds that it is overly vague since it does not define what is meant by "referring or relate to the allegations set forth in your complaint." Without waiving this objection, the Plaintiff interprets the interrogatory to ask for all documents that support his claim that the nonselection was premised on race or retaliation. As such, the Plaintiff refers to the documents the Defendant has produced in discovery, the defendant's responses to the Plaintiff's discovery requests, and the documents identified in the Plaintiff's response to Request for Production No. 2.

**Interrogatory No. 5:** Please identify each and every person who has provided you, your representatives, or agents with oral or written statements referring or related to the allegations set forth in your Complaint, including matters related to credibility, including in your answer the date of each such statement and the custodian of any written statement or transcript or recording of such statement.

**RESPONSE**

Without waiving the above referenced objections, Mr. Stewart informed Mr. Graham, in response to Mr. Graham's query why he was not selected for the position at issue, that the selectee answered questions about the fire alarm system better than Mr. Graham had.

Approximately one week after the selection was announced, Mr. Graham additionally asked Kenny Masters about the selection, and Mr. Masters told him that he had not been involved in making the selection but that instead he had acted as a neutral observer.  In his deposition testimony, Mr. Graham additionally discussed certain conversations he had with his coworkers about the selection.

**Interrogatory No. 6:**        Describe in detail all facts upon which you rely in support of your assertion that you were retaliated against based upon your participation in the equal employment opportunity process, including the date(s), location, and nature of each act or omission that you claim was retaliatory.

**RESPONSE**

Without waiving the above referenced objections, on or about March 16, 2001, the Plaintiff met with EEOCP representative to discuss the AOC's history of discriminatory treatment towards African Americans in addition to its apparent consistent failure to discipline higher-level managers for discriminatory behavior.  See Def's Bates 1612-1614.  Among other things, Mr. Graham highlighted the AOC's hypocritical action of disciplining lower level employees for their discriminatory behavior while ignoring discrimination that was perpetrated or condoned by upper-level management.

In August of 2001, some office of the AOC believed it necessary to draft a memo indicating that "Mr. Graham has contacted the Architect's internal Equal Employment Opportunity Office on several occasions since 1997 to seek counseling and guidance on various concerns, including those raised in his letter to your office. ... Although we are not aware that Mr. Graham has pursued his concerns through [the resolution processes we have discussed with

him], we are ready to discuss his concerns and to assist him with the choice of options for pursuing their resolution."

The Plaintiff filed a lawsuit and received a large settlement in 2002. The Defendant has admitted, in its response to Interrogatories that there was some notoriety about that lawsuit and settlement, and that all of the persons on the interview panel and the ultimate selecting and concurring officials were all aware of Mr. Graham's previous EEO activity. The selection process was deliberately and obviously manipulated in order to prejudice him in the interview and selection process. To wit, according to the Defendant's responses to discovery, Mr. Aitcheson made up a list of technical interview questions, but did not develop or distribute an answer sheet; additionally, the interview panelists held no conversations among themselves to compare candidates or their answers. As a result, the Defendant asked questions with no apparent correct answers. Moreover, many of the interview questions related specifically to the technicalities of fire alarm system work. These questions were designed to benefit the two white candidates with no prior EEO activity, who at the time were performing fire alarm system work almost exclusively.

Additionally, currently when the Day Shift Assistant Supervisor and Supervisor know that will both be absent, instead of permitting Mr. Graham to take command of the day shift, they arrange for the Evening Shift Supervisor to arrive early and to take command of the day shift. This was not the protocol when Ken Kaldenbach was the Day Shift Leader. Moreover, the Plaintiff testified, during his deposition about the decreased duties and responsibilities he has as compared to his White predecessors in the Leader position, and the Plaintiff incorporates by reference here the entirety of his deposition testimony.

**Interrogatory No. 7:** Please state, in detail, the factual basis for your claim that any alleged adverse employment action taken by the AOC was based on race discrimination or retaliation.

**RESPONSE**

Without waiving the above-referenced General Objections, the selection process was deliberately and obviously manipulated in order to prejudice him in the interview and selection process. To wit, according to the Defendant's responses to discovery, Mr. Aitcheson made up a list of technical interview questions, but did not develop or distribute an answer sheet; additionally, the interview panelists held no conversations among themselves to compare candidates or their answers. As a result, the Defendant asked questions with no apparent correct answers. Moreover, many of the interview questions related specifically to the technicalities of fire alarm system work. These questions were designed to benefit the two white candidates, who at the time were performing fire alarm system work almost exclusively.

Additionally, currently when the Day Shift Assistant Supervisor and Supervisor know that will both be absent, instead of permitting Mr. Graham to take command of the day shift, they arrange for the Evening Shift Supervisor to arrive early and to take command of the day shift. This was not the protocol when Ken Kaldenbach was the Day Shift Leader. Moreover, the Plaintiff testified, during his deposition about the decreased duties and responsibilities he has as compared to his White predecessors in the Leader position.

**Interrogatory No. 8:** Please describe in detail each and every instance in which you believe that a similarly situated employee was treated more favorably than you, including in your answer the employee involved; the race of the employee; the action, if any, taken with respect to the employee and the person responsible for that action; the action, if any, that directly affected

you and the person responsible for that action; the difference between the way the employee was treated and the way you were treated; all statements or other communications, whether oral or written, whether directed to you or not, that relate to the way the other employee was treated and the way you were treated.

**RESPONSE**

Without waiving the above-referenced General Objections, David Smith (white, no previous EEO activity) was selected to the position of Night Shift Assistant Supervisor. That selection is the basis for this civil action. The person ultimately responsible for the selection is unclear, since the AVUE documentation the Defendant has provided in discovery states that Steve Stewart was the selecting official, while the Defendant's responses to Interrogatories states that Peter Aitcheson was the selecting official with Mr. Tiscione acting as the concurring official. The Plaintiff further refers the Defendant to his responses to Interrogatories No. 5, 6, and 7.

<u>Interrogatory No. 9</u>:          Please identify each and every physical, emotional or mental ailment, loss, disability and/or medical condition for which you have sought or received treatment at any time in the last ten years, including in your answer the nature and extent of such condition, the names and addresses of each doctor, health care practitioner or provider, hospital or counselor treating you, each diagnosis and dates of diagnosis made by any such practitioner, and dates and costs of treatment.

**RESPONSE**

Plaintiff objects to this Interrogatory on the grounds that it seeks information protected from disclosure by the psychotherapist-patient privilege, physician-patient privilege and related privileges. Plaintiff further objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence,

violates Plaintiff's right to privacy, and is designed to harass Plaintiff. Because Plaintiff has not raised his mental health or health as an element of a claim or defense, he has not waived his privileges or right to privacy and any medical or mental health records that may exist are not discoverable. *See Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551 (N.D. Ga. 2001). *See also Ricks v. Abbott Laboratories*, 198 F.R.D. 647 (D.Md. 2001); *Vasconcellos v. Cybex International*, 962 F. Supp. 701 (D. Md. 1997); *Burrell et al. v. Crown Central Petroleum*, 177 F.R.D. 376 (E.D. Tex. 1997); *Broderick v. Shad*, 117 F.R.D. 306 (D.D.C. 1987). Subject to and without waiving Plaintiff's General and Specific objections, Plaintiff is seeking damages for ordinary pain and suffering. Plaintiff has not specifically sought medical/mental health treatment related to the incident described in the Complaint.

**Interrogatory No. 10:**    If you are seeking damages based upon a change in your personality, attitude, manner, state of mind or emotional state, describe each such change with particularity and in detail, including when you first became aware of it, how you became aware of it, how it manifested and the degree of adverse effect upon you. Identify every person who may or does have knowledge regarding these alleged damages.

**RESPONSE**

Without waiving the above-referenced General Objections, when he first learned that he was not selected Mr. Graham suppressed all emotion so that he would not display any feelings of disappointment to his co-workers and supervisors. He did this to protect himself from being ostracized by the members of the shop, particularly after having seen a black coworker be ostracized after becoming emotional regarding setbacks in the workplace that he believed were motivated by discrimination. Mr. Graham felt isolated from his colleagues, was more quiet than usual, and took bathroom, beverage, and other small breaks in order to have time away from his

colleagues in order to avoid the topic of his nonselection and his feelings on that topic. He would particularly be sure to remove himself from any area in which his colleagues were discussing the results of the selection at issue. This isolation and avoidance lasted approximately one month, until the selection was no longer a frequent topic of conversation.

Following learning about his nonselection, for the next 2-3 weeks, plaintiff experienced wakeful sleep two to three times per week where he would awaken in the middle of the night thinking about the nonselection.

Mr. Graham has gone through phases of suppressed anger, frustration, feelings of betrayal, and he has now developed such that he has no faith that the system works or is designed to recognize merit. Mr. Graham has become resigned to believing, because he is African American, that there is no hope for further career advancement. This constitutes a change in his outlook, particularly as it relates to his chances for progression under Steve Stewart, which could have been characterized previously as trusting, optimistic and hopeful.

In addition to the foregoing, the Plaintiff incorporates by reference here the entirety of his deposition testimony where it relates to his emotional state resulting from the non-selection.

**Interrogatory No. 11:**    Please provide an itemized account of each and every pecuniary loss and expense you claim to have suffered as a result of the alleged discrimination described in your Complaint, and identify each document that supports each itemized loss or expense, including but not limiting your answer to lost wages, benefits, attorney's fees, and including in your answer the dates on which each loss or expense was incurred.

## RESPONSE

Without waiving the above-referenced General Objections, the Plaintiff has suffered economic damages equal to the difference between what he would have made and the increased benefits

(including retirement contribution) he may have gained as an Assistant Supervisor on the Midnight Shift (including the differential pay) as opposed to a Leader on the Day Shift. The Defendant has greater access to this information than does the Plaintiff.

Additionally, Mr. Graham has incurred legal expenses in the course of prosecuting this claim. Those expenses are ongoing and will be provided once Mr. Graham has prevailed in this matter.

**Interrogatory No. 12:** Please identify and describe in detail any lawsuit you have been a party to other than the present one, including in your answer the name or caption of each lawsuit, the court it was filed in, the date and place it was filed, your role therein, the present status and, if resolved, the ultimate disposition of the lawsuit, including any monetary awards against you or in your favor.

**RESPONSE**

Plaintiff refers to his prior civil action, Case Number 1:02CV02429, filed in the United States District Court for the District of Columbia. The Defendant was also the Defendant in the referenced case.

**Interrogatory No. 13:** Identify and list each and every exhibit that concerns plaintiff's theory of the case.

**RESPONSE**

The Plaintiff objects on the grounds that the interrogatory invades the attorney work product doctrine.

**Interrogatory No. 14:** Identify all income received from any source whatsoever, as well as the source itself, since December 11, 1992, to include but not limited to: judgments, rent, earned or unearned income, welfare, backpay, sale of assets, and unemployment compensation.

**RESPONSE**

The Plaintiff objects on the grounds that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant has a record of what the Plaintiff earns in his current employment and any other earnings are wholly irrelevant to the Plaintiff's measure of damages.

Respectfully Submitted,
ALDERMAN & DEVORSETZ, PLLC

Leslie D. Alderman III (D.C. # 477750)
1025 Connecticut Ave., NW
Suite 1000
Washington, DC 20036
Tel: 202-969-8220
Fax: 202-969-8224

03/22/2006  17:41    28296▪...2▪

I, Michael Graham, hereby declare under the penalty of perjury that the information found in the foregoing responses to the Defendants' Interrogatories is true and correct.

Signed this day, March 22, 2006: _Michael Graham_

Michael Graham

## CERTIFICATE OF SERVICE

I certify that on this day, March 22, 2006, I served a copy of the foregoing document entitled "Plaintiff's Responses to Defendant's First Interrogatories" by mail to the following person or persons.

Mercedeh Momeni
Assistant United States Attorney,
U.S. Department of Justice
555 4th St., NW
Washington, DC 20530

Signed,

Leslie D. Alderman III