UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL GRAHAM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-1340 (JR) |
| ) | ECF |
| v. ) | |
| THE ARCHITECT OF THE CAPITOL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S PRETRIAL STATEMENT**

Pursuant to LcvR 16.5(a)(2), Defendant respectfully submits the following Pretrial Statement.

**1.    Defendant's Statement of the Case**

Plaintiff, a team leader in the Electrical Division of the House Superintendent's Office for the Architect of the Capitol, filed the present Complaint alleging violations of the Congressional Accountability Act, 2 U.S.C. §§ 1301, et seq., by the Architect of the Capitol.  In his two-count Complaint Plaintiff alleges that (1) he was subjected to discrimination based on race and (2) he was retaliated against, when he was not selected for an assistant supervisor position for the Electrical Division of the House Superintendent's Office, on the midnight shift.

In June 2003 Plaintiff and the AOC entered into an agreement whereby they settled a lawsuit in which Plaintiff had alleged race-based employment discrimination.  Shortly thereafter Plaintiff was promoted into his current position as team leader by the Electrical Shop general foreman, Steve Stewart.  In or about August 2004, Plaintiff applied for the position of assistant supervisor for the midnight shift.   The position was advertised under vacancy announcement number HOB 2004-173.  Plaintiff was then included on the list of eligibles forwarded by Office

1

of Human Resources to the House Superintendent's Office, which oversees the Electrical Division. An interview panel consisting of Peter Aitcheson (Plaintiff's second-line supervisor), Steve Stewart, (Plaintiff's then first-line supervisor), and Kenny Masters, (an assistant foreman from another shop), interviewed Plaintiff and two others in or about September 2004.

It is well known in the Electrical Division that the majority of the work on the midnight shift centers on fire alarm equipment repair, maintenance and installation. Plaintiff, a day-shift employee, did not speak to any of the midnight shift supervisors about what work they performed on a nightly basis. In comparison to the selectee, David Smith and the other interviewee, Phil Rupprecht, Plaintiff performed poorly during the interview and did not have the requisite fire-alarm related experience. All the interview panelists rated Plaintiff third out of the three candidates. Furthermore, there is absolutely no evidence of any person's undue influence over the panelists to commit any illegal acts in this case. Therefore, the Plaintiff's claim of race discrimination must fail.

In Count II of the Complaint, Plaintiff claims that he was not selected for an assistant supervisor position in October 2004, in retaliation for having filed the 2002 complaint, which was settled in June 2003. Preliminarily, this Count is the subject of AOC's pending Motion to Dismiss for Plaintiff's failure to exhaust his administrative remedies. *See* USDC Pacer Dkt. No. 17. Substantively, Steve Stewart was the first line supervisor and the selecting official for the position for which Plaintiff was not selected in 2004. Therefore, Mr. Stewart is the management official accused of having retaliated against the Plaintiff. Mr. Stewart —Plaintiff's colleague in 2002—not only accompanied the Plaintiff to the EEO office regarding some of the very same issues that concerned Plaintiff, but had also filed an EEO complaint to address those concerns. It

would be illogical to accept Plaintiff's assertion that Mr. Stewart would retaliate against him for having engaged in the same conduct. Further, the temporal proximity between his protected activity, which began in 2002 and ended with the June 2003 settlement, and his failure to be selected for the midnight shift assistant supervisor position in October 2004, is too long from which to draw a negative inference.

**2.    Statement of Plaintiff's Claims**

Pursuant to the CAA, Plaintiff claims that David Smith's selection for the assistant midnight shift foreman position constitutes race discrimination and retaliation.

**3.    Statement of Defenses**

Plaintiff was not promoted to the position of assistant midnight shift foreman solely for legitimate, non-discriminatory reasons. Specifically, Defendant will show that the selectee was offered the position because he impressed the interview panel members while Plaintiff utterly failed to respond properly to the majority of the managerial and technical questions the panel posed. In the end, Plaintiff's answers earned him placement at the bottom of the qualified candidates list, competing for the opening, while the selectee was the independent top choice of two of the three panelists and second on the other panelist's list. Furthermore, Plaintiff's work ethic issues and prior performance was well known to Messrs. Aitcheson and Masters. In addition, Plaintiff's retaliation claims must fail because he did not exhaust his administrative remedies nor can he prove that Mr. Stewart, or anyone else involved in the hiring process, retaliated against him for having engaged in protective activity.

**4.     Defendant's Witness List**

*Defendant intends to call the following witnesses:*

a)     Michael Graham, Plaintiff.  Estimated time for cross examination: 2 hours.

b)     Peter Aitcheson, Assistant Superintendent House Office Buildings
U.S. House of Representatives
Rayburn Building, Rm. B-341
Washington, DC  20515

Mr. Aitcheson will testify that he was involved in the selection process for the vacancy, HOB 2004-173, in question.  He will also testify that he is responsible for the operations of the Electrical Division of the House Office Building of the Architect of the Capitol and as such familiar with the shop's needs and how he rated the candidates for the position in question.  Estimated time for direct examination: 2 hours.

c)     Kenny Masters, Day Maintenance Mechanic Asst. Supervisor, HVAC Division
U.S. House of Representatives
Rayburn Building, Rm. B-341
Washington, DC  20515

Mr. Masters will testify that he was one of the interview panelists for the vacancy in question.  Mr. Masters will also testify how he arrived at the rating for the candidates for the position in question.  He is not Plaintiff's supervisor or in his chain of command.  Estimated time for direct examination: 1 hour.

d)     Steve Stewart, Former General Foreman, Electrical Division
Address to be provided

Mr. Stewart will testify that he was the selecting official for the vacancy in question.  He is the former general supervisor of the Electrical Division and as such, Plaintiff's former supervisor.  He will testify that he was involved in promoting plaintiff to the position of team leader.  Mr. Stewart will also testify that he was familiar with the plaintiff's work ethic and

performance. Finally, he will testify about his relationship with plaintiff throughout their time as AOC employees. Estimated time for direct examination: 2 hours.

e)     Frank Tiscione, Superintendent House Office Building
U.S. House of Representatives
Rayburn Building, Rm. B-341
Washington, DC  20515

As Superintendent, Mr. Tiscione will testify that he is familiar with the hiring process and the operational needs of the his office and the divisions under his supervision. He was the concurring official for the selection at issue. Estimated time for direct examination: 1 hour.

f)     Ann Whitman, Management and Program Analyst
U.S. House of Representatives
Rayburn Building, Rm., B-341.
Washington, D.C. 20515

Ms. Whitman will testify that she was the neutral observer during the interview process for the position in question. She will testify that the process was conducted in accordance with proper procedure. Estimated time for direct examination: ½ hour.

*Defendant may call the following witness*:

g)     David Smith, Assistant Midnight Shift Supervisor, Electrical Division
U.S. House of Representatives
Rayburn Building
Washington, DC  20515

Mr. Smith will testify that he interviewed for the position in question and about his prior professional experience and background. Estimated time for direct examination: ½ hour.

h)     Defendant reserves the right to call any witnesses identified by Plaintiff in his pretrial statement, and any other witnesses for the purposes of impeachment or rebuttal.

**5.  Exhibit List**

Please see attached Exhibit List. In addition to the listed exhibits, Defendant also

reserves the right to present any exhibits identified by Plaintiff in his pretrial statement, and any other exhibits for the purposes of impeachment or rebuttal.

**6.    Deposition Testimony**

The Defendant reserves the right to request designation of prior sworn testimony for any witness who may become unavailable to testify at trial.

**7.    Relief Sought**

The Defendant contends that Plaintiff is not entitled to any relief, including damages, because David Smith was selected for the position in question for legitimate, non-discriminatory reasons. Accordingly, Defendant requests that the Court enter judgment in Defendant's favor and award Defendant's costs pursuant to 28 U.S.C. § 1920.

**8.    Pending Motions**

Defendant's Motion for Summary Judgment and to Dismiss is fully briefed and pending.

Dated:  September 21, 2006.

                          Respectfully submitted,
                                          /s/

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

                                          /s/

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

                                          /s/

MADELYN E. JOHNSON, D.C. BAR #292318
MERCEDEH MOMENI
Assistant United States Attorneys
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-4851


*Of Counsel:*

Edgar Martinez, Esq.
Architect of the Capitol
Office of Employment Counsel
2nd and D Streets, S.W.
Washington, D.C. 20515

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 21, 2006, I served a copy of the foregoing *Defendant's Pretrial Statement* on counsel of record by filing the foregoing on the Court's Electronic Case Filing System.

/s/

_____
Mercedeh Momeni
Assistant United States Attorney
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 305-4851